690

**WHITFIELD v. HOAGE, Deputy Compensation Commissioner (NEW YORK INDEMNITY CO., Intervener).**

No. 5990.

Court of Appeals of the District of Columbia.

Argued April 2, 1934.

Decided May 14, 1934.

Rehearing Denied June 11, 1934.

Franklyn Yasmer, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Wilton J. Lambert, R. H. Yeatman, Henry I. Quinn, and Austin F. Canfield, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia dismissing a bill of complaint for a mandatory injunction to set aside or modify a compensation order made by the deputy commissioner of the United States Employees' Compensation Commission.

It appears that the appellant, Roby Lee Whitfield, was employed by the Washington Times Company as a "jumper boy" to deliver newspapers from a truck to store customers of his employer in the District of Columbia. On April 15, 1929, while so engaged, he was struck by an automobile as he jumped off the truck to make a delivery, and was seriously injured. As a result of the accident, he suffered the amputation of his right leg about five inches above the knee. At the time of the accident, appellant was a minor 12 years of age, and was receiving $2 a week for working about 2 hours a day. The injury undeniably arose out of and occurred in the course of his employment, and he became entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (33 USCA §§ 901–950), made applicable to the District of Columbia, 45 Stat. 600 (D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note).

The act provides that in case of such an injury arising out of and in the course of such employment compensation for disability resulting therefrom shall be paid to the employee by the employer or his insurance carrier as follows:

"Sec. 8. * * * (c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, and shall be paid to the employee as follows: * * *

"(2) Leg lost, two hundred and eighty-eight weeks' compensation." (33 USCA § 908 (c) (2).

The term "wages" is defined by the act to mean: "The money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury. * * *". Section 2, 33 USCA § 902. It is also provided that: "Compensation for disability shall not exceed $25 per week nor be less than $8 per week: Provided, however, That if the employee's wages at the time of injury are less than $8 per week he shall receive his full weekly wages." Section 6 (b), 33 USCA § 906 (b).

It is provided by section 10 (e) of the act, 33 USCA § 910 (e) that: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages."

The appellant duly filed a claim with the deputy commissioner for compensation because of the injury. A temporary award was then made, and subsequently, to wit, on August 16, 1932, a further hearing was held to determine the rights of the claimant for compensation under section 10 (e) of the act, supra.

It was contended on behalf of the claimant that, inasmuch as claimant was a minor at the time when the injury occurred, his wages under normal conditions should be expected to increase during the period of disability, and that this fact should be considered in arriving at his average weekly wage.

Thereupon the deputy commissioner heard the testimony upon this claim, and held that under normal conditions the claimant's wages should be expected to increase during the period of his disability, and that this fact should be considered in arriving at his average weekly wage. He found that boys from 12 to 14 years of age earned as "jumpers," which work the claimant was doing at the time of his injury, the sum of $2 per week; that boys from 14 to 15 years of age could be expected to advance to the position of assistant branch agent, and could then earn from $6 to $7 per week, or an average of $6.50 per week; that boys from 16 to 17 years of age could be expected to advance to the position of all-day jumpers, earning $10 to $12 per week, or an average of $11 per week; that boys from 17 to 18 years of age could be expected to advance to the position in the mailing room known as "fly-boys," earning from $16 to $20, or an average weekly wage of $18, for which period the claimant would be entitled to compensation in the amount of $12 per week; that, the claimant being an average boy or better in point of intelligence, there was a probability of his being advanced under normal conditions to the various positions in the employment in which he was engaged, and that claimant is entitled to consideration accordingly, and that compensation be paid him as follows: From April 16, 1929, to June 6, 1930, a period of 59⅖ weeks, at the rate of $2 per week, amounting to $119.14; from June 7, 1930, to June 6 1932, a period of 104⅖ weeks at the rate of $6.50 per week, amounting to $678.79; for the period beginning June 7, 1932, to August 8, 1932, a period of 9 weeks at the rate of $8 per week, amounting to $72; for the period from August 9, 1932, to June 6, 1933, at the rate of $8 per week; and for the period beginning June 7, 1933, to October 22, 1935, at the rate of $12 per week.

Thereupon appellant filed a bill of complaint in the Supreme Court of the District of Columbia against the deputy commissioner claiming that, in accordance with section 10 (e) of the Compensation Act, appellant, according to the evidence in the case, was entitled to compensation at not less than $25 per week for the entire period of 288 weeks. Appellant prayed for a mandatory injunction requiring the deputy commissioner to modify his compensation order, and award compensation to the plaintiff "pursuant to the testimony of record in the cause and the law applicable" thereto. The record contains a copy of all the evidence introduced at the hearing of December 18, 1929, and of the findings of fact made by the deputy commissioner; also a copy of the compensation order. Appellant claims that the testimony reveals material facts in addition to those found by the deputy commissioner, to wit, that branch managers in such employments can earn $50 a week as an average; that route agents' net earnings would run between $45 and $50 per week, such agents being between 21 and 50 years of age; that city circulators earn from $50 to $100 per week; that circulation directors' average earnings in the city of Washington are probably from $135 to $150 per week. Appellant claims that upon these facts considered in connection with those set out in the deputy commissioner's findings the defendant was required under section 10 (e) of the Compensation Act to award to appellant compensation at not less than $25 per week for the entire period of the schedule of award; namely, 288 weeks.

A motion was filed in the lower court by the insurance carrier for the Washington Times, as intervenor, to dismiss the bill of the appellant, upon the ground that the evidence taken before the deputy commissioner is such as to sustain the findings made by him, and that the findings of fact and award of the deputy commissioner as shown in the compensation order attached to the bill of complaint are in accordance with law. The court sustained this motion and dismissed the case, whereupon the present appeal was taken.

We agree with the decision of the lower court. It appears from the record that the deputy commissioner heard all the evidence tendered by the claimant upon this issue, and thereupon held as a finding of fact that the wages of appellant under normal conditions should be expected to increase from the sum of $2 per week, which appellant was earning at the time of his injury, up to an average weekly wage of $18 per week. Correspond-

ing increases of compensation therefore were awarded to appellant from April 16, 1929, the date of the injury, up to and including October 26, 1935, under the provisions of section 10 (e), supra.

It is claimed by appellant that the increases should have been considered beyond that period so as to include the wages of branch managers, route agents, city circulators, and circulation directors, whose wages ranged from $50 a week, as an average, up to $150 per week. In view of the fact that the deputy commissioner heard and doubtless considered all the evidence offered, including the schedules of wages of newspaper employees to the age of 50 years, but nevertheless reached the conclusion we have announced, we do not feel that it is necessary to the decision in this case that we should decide whether the "period of disability" mentioned in section 10 (e) of the act means the actual period of disability or means the period for which compensation is payable, i. e., the 288 weeks—for, even if our opinion should be favorable to the former rather than the latter view, we would still be bound by the decision of the deputy commissioner that in this particular case the evidence showed that the wages of the injured person could not be expected to increase beyond the amount allowed.

The findings of the deputy commissioner upon the facts are supported by substantial evidence. They are therefore final and conclusive, and cannot be reversed upon an appeal to the courts. In Powell v. Hoage, 61 App. D. C. 99, 57 F.(2d) 766, 767, we said: "The conclusion reached by us as well as by most of the courts is that the deputy commissioner's findings of fact must be accepted as conclusive if supported by evidence, unless there was some irregularity in the proceedings before him. This is also the effect of the decision of the Supreme Court in Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598. * * * We therefore reach the conclusion that the cases in which we may set aside an order of the Commissioner as 'not in accordance with law' are only those in which it appears that there is an error of law, or in which the order of the Commissioner is not supported by substantial evidence, as well, of course, in those in which it is arbitrary and unreasonable. If the finding, however, is supported by substantial evidence, it is final"—citing New Amsterdam Co. v. Hoage, 60 App. D. C. 40, 46 F.(2d) 837; Pocahontas Fuel Co. v. Monahan (C. C. A.) 41 F.(2d) 48, 49; Wilson & Co. v. Locke (C. C. A.) 50 F.(2d) 81, 82; Wheeling Co. v. McManigal

(C. C. A.) 41 F.(2d) 593; Northwestern Stevedoring Co. v. Marshall (C. C. A.) 41 F.(2d) 28.

Inasmuch, therefore, as the findings and award of the deputy commissioner are supported by substantial evidence and are not in any sense arbitrary or capricious, and present no error of law, the decision of the lower court refusing to disturb them is affirmed.

Affirmed.