**TRAVELERS INS. CO. v. NORTON,**
**Deputy Commissioner, et al.**
No. 762.

District Court, E. D. Pennsylvania.
Sept. 11, 1940.

J. B. H. Carter and Evans, Bayard & Frick, all of Philadelphia, Pa., for plaintiff.

J. Barton Rettew, Jr., Asst. U. S. Atty., and J. Cullen Ganey, U. S. Atty., both of Philadelphia, Pa., for Augustus P. Norton.

Theodore L. White, Jr., of New York City, for Pauline S. Peterson.

BARD, District Judge.

Pursuant to Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), plaintiff seeks a permanent injunction against the enforcement of a compensation order made by Augustus P. Norton, Deputy Commissioner of the Third Compensation District, in favor of Pauline S. Peterson, the widow of the deceased employee.

The Travelers Insurance Company, plaintiff herein, insured the Atlantic and Gulf Stevedores, Inc., against liability under the Longshoremen's and Harbor Workers' Compensation Act and on November 18, 1938, Charles J. Peterson, an employee of the insured, was injured in the course of his employment and died the same day.

On May 5, 1939, defendant Pauline S. Peterson filed a claim for compensation as Peterson's widow. Hearings subsequently were held and on January 23, 1940, defendant Norton made an award in the sum of $710.04 and ordered continuing compensation at $11.64 a week beginning January 20, 1940.

In issuing the above order, the deputy commissioner made the following findings of fact: "That on April 4, 1916, claimant was married to said Charles J. Peterson; that they lived together as man and wife until the early part of the year 1922; that Peterson then removed to Philadelphia because of employment there; that it was understood at first that he would bring claimant to live with him in Philadelphia as soon as he could conveniently do so and that he would in the meantime contribute to her support; that he did not contribute to her support after May 12, 1922; that about that time she offered to live with him in Philadelphia but he did not accept this offer and at no time requested her to join him in Philadelphia; that in September 1922 he began to live with Irene Tull and held her out as his wife and continued to do so until the date of his death; that Pauline Peterson in 1924 was aware that her husband was living with another woman; that Pauline at the time of the death of Charles Peterson was living apart from him for justifiable cause and by reason of his desertion."

Jurisdictional facts not being involved in the foregoing findings, if supported by competent evidence they must be upheld. Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Whitfield v. Hoage, 63 App.D.C. 237, 71 F.2d 690; South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522. In denying plaintiff's previous motion for an interlocutory injunction, I ruled that the commissioner's findings were supported by substantial evidence and, therefore, are conclusive.

Plaintiff's complaint, however, is based upon the following stipulation of facts agreed to by counsel: "(1) That the claimant, Pauline Peterson, has lived with a man other than Charles Peterson for the past six years and at the address already appearing of record (276 Carnation Ave., Floral Park, L. I., N. Y.); (2) that during the course of this time, the said Pauline Peterson has held herself out as the wife of the man with whom she has been living, has used his name and has been known in the community as his wife." Because of these facts, plaintiff urges that the commissioner's award should be set aside as contrary to law.

742

■ Section 2(16) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 902(16) provides that "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time". The commissioner's award was predicated upon the finding that Pauline S. Peterson, the deceased's lawful wife, at the time of his death was living apart from him for justifiable cause and by reason of his desertion. Plaintiff, however, would have the statute interpreted so as to bar recovery to a wife who, because of her own wrongdoing, was not entitled to support from her husband at the time of his injury, citing for this proposition Polokow Corp. v. Industrial Comm., 336 Ill. 395, 168 N.E. 271. However, the state workmen's compensation law involved therein specifically limited recovery to "any widow * * * whom he [the deceased employee] was under legal obligations to support at the time of his injury". Smith-Hurd Ann.St. Ch. 48, § 144(a). The desirability of such a statutory provision may readily be conceded. Nevertheless, had Congress intended that such a rule govern awards of compensation under the Longshoremen's and Harbor Workers' Compensation Act, supra, it could have stated so explicitly. To read such a provision into an unambiguous statute would exceed the proper bounds of the judicial function. I am unable to concur in the construction of the statute proffered by the plaintiff.

Accordingly, plaintiff's prayer for a permanent injunction is denied.