ASSOCIATED OPERATING CO. et al. v. LOWE, Deputy Com'r, United States Employees' Compensation Commission, et al.

No. 2138.

District Court, E. D. New York.

Jan. 13, 1943.

901 et seq., the compensation order filed by the Deputy Commissioner on June 5th, 1941, in which he awarded compensation to Margarethe Trimpop and to Wallace R. Trimpop, surviving wife and minor child, respectively, of William C. Trimpop, who sustained fatal injury on January 24th, 1941, which arose out of and in the course of his employment as a longshoreman by the Associated Operating Company.

Apparently the sole question involved in this case is, whether the defendant Margarethe Trimpop is the widow of the deceased within the meaning of the Act. Title 33 Section 902, Subdivision 16, U.S. C.A.

No question is raised as to the part of the said order which makes an award to Wallace R. Trimpop an infant son of the deceased.

Employment of the deceased as a longshoreman, under the Act, in this district, by the plaintiff the Associated Operating Company, insurance of employee's liability under the Act by the plaintiff Liberty Mutual Insurance Company, personal injuries received by deceased on the day in question while performing service for the employer as a longshoreman engaged in discharg-the cargo of a ship, which was afloat in New York Bay, from which he died, the same day, failure to give written notice, but that the employer had knowledge of the injuries and death and was not prejudiced thereby, and that the annual earnings of the deceased at the time of his death was $1,560, were found by the Deputy Commissioner.

None of those findings are disputed.

The Deputy Commissioner likewise made the following findings, which are pertinent to the issue raised here. The birth on December 10th, 1897, and the marriage of the defendant Margarethe Trimpop to the deceased on October 16th, 1919, that she bore three children, of whom the deceased was the father, Irene 21, Walter 19 and Wallace 14 years old respectively, at the time of the death of the deceased, that Margarethe Trimpop was the surviving wife of the deceased, and although not living with him at the time of his death, was living apart for justifiable cause, and she is entitled to the death benefits prescribed by the said Act at the rate of $10.50 per week.

The particular facts upon which this action is based, which were developed before

John P. Smith, of New York City (Charles F. Bachmann, of New York City, of counsel), for plaintiffs.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, of New York City, Esq., Asst. U. S. Atty., of counsel), for defendant Samuel S. Lowe.

Zimmerman & Zimmerman, of New York City, for defendant Margarethe Trimpop.

CAMPBELL, District Judge.

This action is brought by the plaintiffs for a review by the Court, and for a permanent injunction suspending and setting aside, in part, as not in accordance with the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C.A. §

the Deputy Commissioner on the examination, were, that the defendant Margarethe Trimpop in 1935 left the home of her husband, after being struck and beaten by him and because of his threats while in a drunken condition, making it dangerous to live with him, and being virtually put out, she lived at various places, and gave birth to three children of whom a man, other than the deceased, was the father.

The deceased did not support the said defendant, nor request her, at any time, to return, nor did she offer to return, and that although she was unable to take and provide for the three children of whom the deceased was the father when she left, they, one by one, came to live with her before the time of the death of the deceased.

The plaintiffs contend that by reason of the defendant bearing three children to another man, other than the deceased, after she had left him, and before the death of the deceased, she was not the widow of the deceased, within the meaning of the Statute.

The Statute, Title 33, Section 902, Subdivision 16, U.S.C.A., provide as follows: "(16) The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time."

■ That the defendant Margarethe Trimpop had justifiable cause for leaving the deceased at the time when she left him in 1935, which the Deputy Commissioner found, was supported by the evidence, and that finding of fact is binding, and cannot be disturbed. South Chicago Coal & Dock Co., et al. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Del Vecchio et al. v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Crowell, Deputy Commissioner v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; L'Hote et al. v. Crowell, Deputy Commissioner et al., 286 U.S. 528, 52 S.Ct. 499, 76 L.Ed. 1270.

■■ The finding, that the said defendant was living apart from the deceased, for justifiable cause, if as I believe was a finding of fact, is as a fact supported by the evidence, and should not be disturbed, but plaintiffs contend that such finding is a finding of law, and therefore open to consideration.

Plaintiffs contend that the misconduct of the said defendant deprived her of the right to be considered as the widow of the deceased, and attempts to sustain that contention, by citing cases relating to divorce. The answer to that is, that this case in no way involves a divorce, and such citations are not in point.

We are not here dealing with a case under the different compensation laws of the States, but simply with the law in question, which does not provide for inquiry, after abandonment, into the wife's subsequent life and conduct.

There has been but one case so far, as I have been informed or have ascertained, in the Federal Courts, on the question here involved, and that is directly in point. Travelers Ins. Co. v. Norton, Deputy Com'r, et al., D.C., 32 F.Supp. 501.

In that case the United States District Court, Eastern District of Pennsylvania, sustained the award to the widow, notwithstanding her alleged misconduct.

In the Peterson case (Travelers Ins. Co. v. Norton), the Court, in an opinion reported in D.C., 34 F.Supp. 740, denied a motion for a permanent injunction.

From these decisions it clearly appears that the finding of the Deputy Commissioner that the individual defendant was the deceased man's lawful wife at the time of his death, and living apart from him for justifiable cause, was a finding of fact supported by substantial evidence, which the Court was bound to accept. It was further held that the wrong-doing of the wife, after she commenced to live apart for justifiable cause, did not deprive her of the right to compensation as the widow of the deceased, under the Statute here in question.

With the reasoning of those opinions I am in entire accord, and I do not find it necessary to repeat that reasoning here.

The only difference between the facts as to the wrong-doing after commencing to live apart for justifiable cause in that case, and the case at bar, is that in that case the individual defendant lived openly with and held herself out as the wife of a man other than her husband, whereas in the case at bar the individual defendant became the mother of three children of whom a man other than her husband, the deceased, was the father.

That difference, however, does not change my opinion that said decisions are directly in point in this action.

I can find no authority for adding to the Statute provisions which are not even by fair inference to be found in it.

A decree should be entered in favor of the defendants against the plaintiffs, dismissing the complaint herein on the merits, with costs.