**LUCKENBACH GULF S. S. CO., Inc., v. HENDERSON, Deputy Com'r of Seventh Compensation Dist., et al.**

No. 10346.

Circuit Court of Appeals, Fifth Circuit.

Feb. 6, 1943.

Rehearing Denied March 11, 1943.

Harold M. Rouchelle and F. S. Normann, both of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty., Nicole E. Simoneaux, Asst. U. S. Atty., and Claire E. Loeb, all of New Orleans, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining an award of compensation to the surviving widow of a longshoreman under the Harbor Workers' Compensation Act, 33 U. S.C.A. § 901 et seq. The judgment is challenged here only on the ground that the widow, who was not living with her husband at the time of his injury and death, was not shown to be living apart from him for justifiable cause or by reason of his desertion, such proof being essential to recovery under the Act.[1]

The record contains positive testimony that the claimant and the decedent were married in 1940 and lived together as husband and wife for several months; that, after an argument about financial affairs, the husband abruptly left the marital domicile and went to live with another woman; that he repeatedly refused to return to his wife, though asked by her to do so; that he continued to provide his wife with small sums of money for living expenses, and offered to let her come to him in the home of the other woman, which she declined to do; and that claimant was at all times ready and willing to have decedent return to their home to live, and so advised him, but he remained unwilling to come back until hospitalized by the injury causing his death.

Witnesses for appellant contradicted much of this testimony, and gave a different version of the circumstances surrounding the separation, but the deputy commissioner believed the testimony outlined above, and found as a fact that

---

[1] 33 U.S.C.A. §§ 902(16), 904, and 909.

claimant was living apart from her husband at the time of his injury and death for justifiable cause and by reason of his desertion. Being thus supported by substantial evidence, the finding of the deputy commissioner is conclusive upon this court.[2]

The judgment is affirmed.

---

[2] South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.