RYAN STEVEDORING CO., Inc., et al. v. HENDERSON et al.

No. 10734.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1943.

Wm. G. Caffey, of Mobile, Ala., for appellants.

Albert J. Tully, U.S. Atty., of Mobile, Ala., for Joseph H. Henderson, Deputy Commissioner.

John H. Tappan, of Mobile, Ala., for appellee Sarah Sills.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The appeal is by an employer and its insurance carrier from a judgment refusing to set aside or enjoin the enforcement of a compensation order awarding death benefits to Sarah Sills, the surviving wife of W. M. Sills, who was killed while performing services for the employer upon the navigable waters of the United States. The only issue is whether Sarah Sills is a person entitled to receive the benefits provided by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

After living together for many years, W. M. Sills and Sarah Sills were married in 1926. Thereafter, they lived together for about two years and then separated. A few years following the separation, Sarah Sills entered into a bigamous marital relationship with one William Johnson and lived with him as his wife for about three and one-half years and then left him.

In seeking to avoid payment of benefits to Sarah Sills, appellants contend that she was not "actually nor legally dependent" on W. M. Sills at the time of his death, and that although her original separation from him was for justifiable cause she forfeited her right to support from him by committing adultery after the separation, "and at the time of his death was not living apart from him for justifiable cause".

Section 2(16) of the Act, 33 U.S.C.A. § 902(16), provides: "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." Therefore, dependency of a surviving wife is not the

349

only test to determine whether she is a "widow" within the meaning of the Act, for if a surviving wife is at the time of her husband's death "living apart for justifiable cause" she may qualify as a "widow" under the express language contained in Section 2(16).

In cases arising under the Act the Deputy Commissioner is the trier of facts, and his findings are conclusive if there is evidence to support them. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Henderson v. Jones, 5 Cir., 110 F.2d 952. After hearing the evidence, the Deputy Commissioner found that Sarah Sills was the surviving wife of W. M. Sills and that she was living apart from him at the time of his death "for justifiable cause and by reason of his desertion at such time". The District Judge found that there was competent evidence to support this finding. We, too, have reviewed the record, and found that there is evidence, indeed uncontroverted evidence, that Sarah Sills left her husband because he beat, cut, and cruelly abused her on many occasions; and that she offered to return to her husband time and again and he refused to take her back, but did contribute small sums of money to her from time to time. The evidence clearly shows that the original separation was for justifiable cause and that such justifiable cause continued for a long time after the separation. We think, however, that it cannot be said that at the time of W. M. Sills' death she was then living apart for justifiable cause, for there had intervened the bigamous marriage of Sarah Sills to William Johnson, and for three and one-half years she had lived with Johnson, holding herself out as his wife. The bigamous marriage brought to an end the period of separation for justifiable cause and Sarah Sills thereby forfeited any rights she had to recover benefits in the event of her lawful husband's death. Any other holding would do violence to the spirit and purpose of the Act. Cf. Travelers Ins. Co. v. Norton, D.C., 34 F.Supp. 740; Scott's Case, 117 Me. 436, 104 A. 794.

On the facts it cannot be held that the claimant was living apart from her husband at the time of his death for justifiable cause. The compensation order was not in accordance with law, and the District Court should have set it aside.

The judgment is reversed and the cause is remanded for further proceedings in conformity herewith.

Reversed and remanded.