**AMERICAN MUT. LIABILITY INS. CO. et al. v. HENDERSON, Deputy Com'r, et al.**

**No. 10792.**

Circuit Court of Appeals, Fifth Circuit.

March 29, 1944.

Alfred C. Kammer, of New Orleans, La., for appellants.

Herbert W. Christenberry, U. S. Atty., and Nicole E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for Henderson.

Edw. A. Generelly, of New Orleans, La., for Inell Berthy.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal challenges the correctness of an award of compensation made under the Longshoremen's and Harbor Workers' Compensation Act of 1927, 33 U.S.C.A. § 901 et seq., to Inell Berthy, whose husband died of injuries sustained as an employee of Ryan Stevedoring Company, Inc. The single question presented is whether there was substantial evidence to support the finding of the Deputy Commissioner that Inell Berthy was living apart from her husband for justifiable cause or by reason of his desertion at the time of his death.[1]

The evidence is clear that Inell Berthy and the decedent were married December 5, 1923, and lived together for several months; that in March, 1924, her husband deserted her, and refused thereafter to live with her or to support her; that no divorce was ever obtained; and that in 1925 Inell Berthy began living with Emile Alexander, to whom she ultimately bore five children and with whom she still was living at the time this case was tried.

Although the original separation was due solely to her husband's desertion, and her living apart was then for justifiable cause, her later act in living with and bearing children to another man was done of her

---

[1] Sec. 2(16) of The Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 902 (16), provides that the term "widow" (by virtue of which status Inell Berthy claimed compensation) includes only the decedent's wife living with or dependent for support upon him at the time of his death, or living apart for justifiable cause or by reason of his desertion at such time.

own free will, was in derogation of her relationship as the lawful wife of Berthy, and became the independent cause of her living apart from her husband at the time of his death.

As this court held in the recent case of Ryan Stevedoring Company v. Henderson, 5 Cir., 138 F.2d 348, this new and independent reason for her living apart from her husband operated as a matter of law to forfeit any and all rights of the wife as a claimant of compensation under the Act.

The judgment appealed from is reversed, and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.