154

**DAVISON v. CARDILLO, Deputy Com'r.**

No. 8654.

United States Court of Appeals
District of Columbia.

Argued May 11, 1944.

Decided June 19, 1944.

Mr. Raymond M. Hudson, of Washington, D. C., for appellant.

Mr. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee Cardillo.

Mr. Mark P. Friedlander of Washington, D. C., was on the brief for appellee Dulin.

Mr. Leroy A. Brill, of Washington, D.C., also entered an appearance for appellee Dulin.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant's complaint asked review of an award under the Workmen's Compensation Act.[1] Grover Dulin died of a heat stroke suffered while he was on duty as an attendant at appellant's parking lot. Appellant carried no compensation insurance. At the hearing before the Deputy Commissioner he claimed that Dulin was his partner and introduced a purported partnership agreement. The Deputy Commissioner found that the alleged partnership was a mere device to evade the requirements of the compensation law, that Dulin was actually not a partner but an employee of appellant, and that the heat stroke arose out of and in the course of the employment.

We think the court was right in dismissing the complaint. The evidence supports the Deputy Commissioner's findings. Appellant had formerly operated the parking lot as sole owner and had carried compensation insurance for his employees. He had complained of the cost of this insurance and sought advice on how to avoid it. Lease, occupancy permit, and insurance against fire and theft were all in his name alone, both before and after the making of the "partnership agreement." The agreement made no provision for distribution of profits. Appellant showed no concern for the financial responsibility of his associates. They performed menial tasks while he managed the business. The

[1] Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia as a Workmen's Compensation Act, D.C.Code (1940) § 36—501, 45 Stat. 600, c. 612, 33 U.S.C.A. § 901 note.

terms and form of the agreement are not conclusive.[2]

■ The heat stroke plainly arose out of the employment. "Although the risk may be common to all who are exposed to the sun's rays on a hot day, the question is whether the employment exposes the employee to the risk."[3]

Affirmed.

---

[2] Montello Granite Co. v. Industrial Commission, 227 Wis. 170, 278 N.W. 391. Cf. Georgia Casualty Co. v. Hoage, 61 App.D.C. 195, 59 F.2d 870.

[3] Aetna Life Ins. Co. v. Hoage, 62 App. D.C. 6, 7, 63 F.2d 818, 819.

