### DELTA STEVEDORING CO. et al. v. HENDERSON et al.

### No. 12320.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1948.

Security Agency, awarding death benefits to Annie Willis Williams, surviving wife of decedent, Henry Williams, who received injuries while employed by Delta Stevedoring Company which resulted in his death. By the terms of the award appellants, as employer and insurance carrier, were ordered to pay the sum of $11.18 per week to Annie Williams, as widow of the deceased, and certain other death and disability benefits. Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Appellants here contend, as they did in the rehearing before the Deputy Commissioner and in two applications for injunctive relief before the district court, that the Commissioner acted arbitrarily in granting the award, since the claimant, Annie Williams, while living separate and apart from decedent, Henry Williams, had been an unfaithful wife guilty of adulterous misconduct, and was therefore disqualified to receive any death benefits under the statute. 33 U.S.C.A. § 902(16); Ryan Stevedoring Company et al. v. Henderson, 5 Cir., 138 F.2d 348; American Mutual Liability Insurance Company et al. v. Henderson, 5 Cir., 141 F.2d 813.

The question presented is whether the Deputy Commissioner's finding that Annie Williams was entitled to compensation under the statute, as the lawful widow of decedent living separate and apart from him at the time of his death for justifiable cause, may now be disturbed as unsupported by the evidence.[1] 33 U.S.C.A. § 902 (16); Administrative Procedure Act, § 10(e), 5 U.S.C.A. § 1009(e); Cardillo v. Liberty Mutual Co., 330 U.S. 469, 477, 478, 67 S.Ct. 801, 91 L.Ed. 1028; Luckenbach Gulf Steamship Co. v. Henderson, Deputy Commissioner, 5 Cir., 133 F.2d 305.

The record shows that decedent, Henry Williams, was married to Annie Williams

Marian Mayer, of New Orleans, La., for appellants.

Robert Weinstein, U. S. Atty., and Nicole E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal by Delta Stevedoring Company and Employers' Liability Assurance Corporation from a judgment refusing to enjoin enforcement of a compensation order rendered by Joseph H. Henderson, as Deputy Commissioner of the Bureau of Employees' Compensation, Federal

---

[1] Upon both hearings, the Deputy Commissioner found that: " * * * Annie Willis Williams * * * is the surviving wife of the decedent herein and was living separate and apart from him at the time of his death for justifiable cause and by reason of his desertion as he had failed to provide her with a home and was, at the time of his injury and death, and had been for several years prior thereto, living as man and wife with another woman, one Phyllis Harper, and she (Annie Williams) is entitled to a death benefit of $11.18 per week (35% of $31.94, decedent's average weekly wage—Section 9(b) of said Act), beginning August 10, 1946. * * *."

in Ethel, Louisiana, on January 21, 1920. After their marriage they lived for awhile in Ethel with Annie's parents where their first child, Gladys Williams, was born on October 3, 1920. They later moved out to a farm near Ethel where they lived for about a year, after which Annie left for New Orleans to be treated for venereal disease, which she claims she contracted from Henry. After receiving treatment in New Orleans, Annie returned to live with her parents, who were then living in Baton Rouge. About this time Henry also left Ethel, Louisiana, for Baton Rouge; he did not join Annie at the home of her parents, but stayed with his own mother, who also lived there. After staying for awhile in Baton Rouge, during which time he saw Annie at frequent intervals, Henry left for work in New Orleans. Henry and Annie still saw each other occasionally, at which times they lived and cohabited together as man and wife, but remained separated because Henry failed to provide a home for Annie in New Orleans, and she refused to join him until he was able to do so. In 1926 or 1927 the separation became more or less complete, and Henry left about this time for work in Iowa. He returned to Baton Rouge in 1933 and stayed there with his mother until 1936, when he again returned to live in New Orleans. There Henry met Phyllis Harper, who became his "common law wife", and lived with him until his death.

Annie Williams had three children: Gladys, born October 3, 1920; Lee Hester, born January 24, 1923; and Eddie Lee, born August 24, 192?. Several witnesses testified that Henry had always denied paternity of the two youngest children and that he frequently asserted Gladys was his only child. However, it was not shown that Henry had ever obtained a divorce or legal separation on this ground, or that he had ever contested or disclaimed the legitimacy of the last two children in accordance with Louisiana law. Annie herself testified that she and Henry cohabited at infrequent intervals from the year 1928 until 1941, when they had no further relations because she then learned he was living with Phyllis Harper. She further testified that she and Henry never had any, agreement of separation, and that he continued to send her small amounts of money for the support of herself and the children; that she never lived with other men or had any children by them, and that the separation in 1927 occurred because Henry refused to provide a home for her, although she constantly requested him to do so and he promised that he would.

We are of opinion the district court properly refused to enjoin enforcement of the Deputy Commissioner's award. It is well settled that a Deputy Commissioner's findings of fact, if supported by the evidence, may not be disturbed by a reviewing court. He alone is charged with the duty and responsibility of determining from all the evidence the facts which appear to him most reasonable. It is of no significance that the evidence would now permit the drawing of other conclusions than that drawn by him, or that the testimony of a greater number of witnesses was in conflict with his view. Moreover, we cannot overlook the fact that here, even after remand from the district court for more specific findings, on rehearing the Commissioner again refused to find claimant guilty of any marital misconduct which would preclude her recovery under the statute. We are not empowered to usurp his fact-finding prerogatives merely because the evidence is inconsistent and conflicting, or because it permits the drawing of other and contrary inferences. Cardillo v. Liberty Mutual Co., 330 U.S. 469, 477, 478, 67 S.Ct. 801, 91 L.Ed. 1028; Luckenbach Gulf Steamship Co. v. Henderson, 5 Cir., 133 F.2d 305; Administrative Procedure Act, Section 10(e).

The facts here render this case clearly distinguishable from Ryan Stevedoring Co. v. Henderson, 5 Cir., 138 F.2d 348, and American Mutual Liability Ins. Co. v. Henderson, 5 Cir., 141 F.2d 813, upon which appellants chiefly rely. In both these cases claimants admitted they had entered into bigamous and adulterous relationships with other men after separation from their husbands. Here, no witnesses stated of their own knowledge that claimant had been guilty of infidelity, and claimant positively denied any misconduct on her

part. The most that may be said in appellants' favor is that the evidence as to claimant's alleged adultery was in sharp dispute. Under such circumstances, the Deputy Commissioner's award finds support under and by virtue of our holding in Luckenbach Gulf Steamship Company v. Henderson, Deputy Commissioner, 5 Cir., 133 F.2d 305.

We find no reversible error in the record and the judgment is therefore affirmed.