**MOORE DRY DOCK CO. et al. v. PILLS-BURY, Deputy Com'r for the Thirteenth Compensation Dist., et al.**

No. 11819.

United States Court of Appeals
Ninth Circuit.

Sept. 22, 1948.

Leonard, Hanna & Brophy, of San Francisco, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and Daniel C. Deasy, Asst. U. S. Atty., both of San Francisco, Cal. (Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Federal Security Agency, and Herbert P. Miller, Asst. Chief Counsel both of Washington, D. C., of counsel), for appellee Pillsbury.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment in favor of appellees (Warren H. Pillsbury, Deputy Commissioner for the Thirteenth Compensation District, and Luella G. Campbell, hereafter called claimant) in injunction proceedings brought by appellants (Moore Dry Dock Company, hereafter called Moore and Fireman's Fund Indemnity Company, hereafter called Indemnity) against appellees to set aside a compensation order whereby compensation, known as a death benefit for the death of William Angus Campbell, hereafter called decedent, was awarded to claimant under the Longshoremen's and Harbor Workers' Compensation Act, §§ 1–50, 33 U.S.C.A. §§ 901–950.

Claimant and decedent were married in British Columbia on February 8, 1922. They were never divorced. Decedent deserted claimant on September 4, 1923. At all times thereafter, claimant lived apart from decedent by reason of his desertion. Claimant never saw decedent after September 4, 1923. She never heard from him after February 4, 1924. She had no news of him nor any knowledge of his whereabouts from February 4, 1924, until after his death.

On May 14, 1938, in the mistaken belief that decedent was dead—a belief caused by decedent's desertion—claimant, in good faith, went through a marriage ceremony with William James Murray Kelly in British Columbia. At all times thereafter, she lived with and was supported by Kelly. Since, however, her purported marriage to Kelly was void, she continued to be decedent's wife and was such at the time of his death. Her purported marriage to Kelly and her living with and being supported by him were consequences of decedent's desertion.

On May 12, 1945, decedent sustained an injury which, on the same day, resulted in his death. At the time of the injury, decedent was Moore's employee, Moore was decedent's employer, and Indemnity was Moore's carrier.[1] The injury occurred upon the navigable waters of the United States in the Northern District of California.

Section 3 of the Act, 33 U.S.C.A. § 903, provides that, with inapplicable exceptions, compensation shall be payable under the Act in respect of disability or death of an employee if the disability or death results from an injury occurring upon the navigable waters of the United States.

Section 9 of the Act, 33 U.S.C.A. § 909, provides: "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following: * * * If there be a surviving wife * * * of the deceased, to such wife * * * 35 per centum of the average wages of the deceased, during widowhood, * * * with two years' compensation in one sum upon remarriage; * * *"

The term "surviving wife" is not defined in the Act. However, in § 2 of the Act, 33 U.S.C.A. § 902, the term "widow" is defined as including "only the decedent's wife living with or dependent for support upon

---

[1] As used in this opinion, the terms "injury," "death," "employee," "employer" and "carrier" have the meanings indicated in § 2 of the Act, 33 U.S.C.A. § 902.

him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." The term "surviving wife," as used in § 9 of the Act, 33 U.S.C.A. § 909, is the equivalent of the term "widow," as defined in § 2 of the Act, 33 U.S.C.A. § 902.[2]

Claimant was decedent's wife living apart by reason of his desertion at the time of his death and hence was his widow. As such widow, she filed with the Deputy Commissioner, under § 19 of the Act, 33 U.S.C.A. § 919, a claim for a death benefit. The Deputy Commissioner made an investigation in respect to the claim, held a hearing thereon, took evidence, made findings and made, filed and served the compensation order mentioned above.[3]

Injunction proceedings to set aside the compensation order were brought by appellants (Moore and Indemnity) and instituted in the District Court for the Northern District of California under § 21 of the Act, 33 U.S.C.A. § 921, which provides that, "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner, making the order, and instituted in the Federal district court for the judicial district in which the injury occurred * * *"

Appellants instituted the injunction proceedings by filing a complaint—their first and only pleading. It alleged:

"That said compensation order * * * is not in accord with law in finding [claimant] to be a legal dependent upon [decedent] on May 12, 1945, and entitled to a death benefit * * * when the evidence shows without contradiction,

"(a) That [claimant] had not been supported by [decedent] for over twenty years before his fatal injury on May 12, 1945.

"(b) That [claimant] did on May 14, 1938, marry one William J. M. Kelly * * * and these two have since that time lived as man and wife, her support for that period being supplied by said Kelly."

■ The compensation order did not make or contain any finding. Findings made by the Deputy Commissioner preceded the compensation order. There was no finding that claimant was a legal dependent upon decedent on May 12, 1945. There was what purported to be a finding, but actually was a conclusion of law, that claimant was entitled to a death benefit. The conclusion was correct; for, as stated above, claimant was decedent's widow.[4] As such widow, she was entitled to a death benefit, despite the fact that she had not been supported by decedent for over twenty years before his fatal injury, the fact that on May 14, 1938, while married to decedent, she went through a marriage ceremony with Kelly, and the fact that she thereafter lived with and was supported by Kelly.[5]

Contending that, because of these facts, claimant was not entitled to a death benefit, appellants cite in support of their contention two decisions of the Court of Appeals for the Fifth Circuit.[6] To the extent that these decisions support appellants' contention, we deem them erroneous and decline to follow them. The Act does not provide that an employee's widow who, while married to such employee, went through a marriage ceremony with another man and thereafter lived with and was supported by him shall not be entitled to a death benefit. Such a provision should not

---

[2] Williams v. Lawson, 5 Cir., 35 F.2d 346; Weeks v. Behrend, 77 U.S.App.D. C. 341, 135 F.2d 258.

[3] The compensation order required appellants to pay claimant "the sum of $13.13 a week [35% of decedent's average wages] payable in installments each two weeks or monthly at her election beginning with May 13, 1945, until the further order of the Deputy Commissioner, less, however, the sum of $150.-00 to be deducted from said payments and paid by [appellants] to [claimant's

attorney] upon his lien for attorney's fees."

[4] As to this, no issue was raised in the proceedings before the Deputy Commissioner or in the injunction proceedings.

[5] Travelers Ins. Co. v. Norton, D.C.E. D.Pa., 34 F.Supp. 740; Associated Operating Co. v. Lowe, D.C.E.D.N.Y., 52 F.Supp. 550; Id. 2 Cir., 138 F.2d 916.

[6] Ryan Stevedoring Co. v. Henderson, 5 Cir., 138 F.2d 348; American Mutual Liability Ins. Co. v. Henderson, 5 Cir., 141 F.2d 813.

991

be read into the Act by judicial construction.[7]

Except as indicated hereinabove, the lawfulness of the compensation order was not challenged in the injunction proceedings. Appellants' briefs are largely devoted to discussion of questions not presented to the Deputy Commissioner or to the District Court. We are not required to consider such questions.[8]

Judgment affirmed.

GARRECHT, Circuit Judge, participated in the hearing of this case, but died before an opinion was prepared.

---

[7] See cases cited in footnote 5.

[8] Bethlehem Steel Co. v. Parker, 4 Cir., 163 F.2d 334.