**PAN AMERICAN AIRWAYS, Inc. et al. v. WILLARD et al.**

United States District Court
S. D. New York.

Aug. 28, 1951.

Joseph D. Edwards, New York City, for plaintiffs, Ralph S. Stowell, New York City, of counsel.

Irving H. Saypol, U. S. Atty., New York City, for defendant John A. Willard, Deputy Commissioner, Richard P. Donovan, Asst. U. S. Atty., New York City, of counsel.

Abraham Apat, Jamaica, N. Y., for defendant Grace R. Johnson.

WEINFELD, District Judge.

This is an injunction proceeding by Pan American Airways, Inc. (Pan American), an employer, and its compensation liability insurance carrier, to set aside as not in accordance with law a compensation order filed by the defendant, Deputy Commissioner, Federal Security Agency, Bureau of Employees' Compensation, pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. The Act is applicable to persons employed at certain defense bases and under certain public works contracts by the Act of August 16, 1941, 55 Stat. 622, 42 U.S.C.A. §§ 1651–1654. The compensation order awarded compensation to the widow and minor child of Ernest N. Johnson, who was employed by Pan American as an equipment operator (air development program) from August 7, 1942 until July 1944 in Brazil, which is in the Caribbean Compensation District. The co-defendant is the widow.

All parties move for summary judgment and concede that no question of fact is involved, the sole issue being one of law, whether the compensation order challenged is in accordance with the law.

The compensation order found that the deceased had, in April 1943, in the course of his employment, sustained accidental injury, when he contracted a skin disease known as lupus erythematosus and that his excessive exposure to sunlight, by reason of his employment, was a contributory factor to his lupus erythematosus. This finding must be accepted unless it is unsupported by substantial evidence on the record considered as a whole. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470.

Before the decedent began his employment with Pan American in Brazil in August or September 1942, he was examined physically and found to be in good physical and sound mental condition, not suffering from any contagious, chronic or incurable disease or having any organic lesion which might cause incapacity for work. On his return to the United States in July 1944, he was examined on behalf of Pan American at Miami, Florida. His skin condition was then diagnosed as lupus erythematosus and in August 1944 he was discharged by Pan American because of a "medical disqualification for a skin disease contracted in the tropics, which would be aggravated by exposure to sunlight." Later on the eruptions on his face spread to other parts of his body. He died in a hospital on October 29, 1947, of acute glomerulo-nephritis.

The medical testimony of a qualified dermatologist before the Deputy Commissioner that the cumulative and final breakdown is a common characteristic of lupus erythematosus amply sustains the finding that the glomerulo-nephritis resulted from the lupus erythematosus, and that death was due to the injury suffered in the course of his employment. He described the disease as a general one, not just a disease of the skin, which may attack the heart, the spleen and the liver; and testified that the findings of "spleenitis" in the autopsy of the decedent is a common finding in lupus erythematosus. The dermatologist further testified that exposure to

the sun is a recognized predisposing factor of lupus erythematosus and that there always seems to be a history of exposure to the sun. It is undisputed that the decedent's work in Brazil required him to remain in the open and thus did in fact expose him to the sun.

 Certain established principles serve as a guide in the determination of the question presented. Under Section 20 (a) of the Act, in the absence of substantial evidence to the contrary, the presumption is that the claim comes within its provisions. The findings of the Deputy Commissioner are presumed correct, Burley Welding Works, Inc. v. Lawson, Deputy Commissioner, 5 Cir., 141 F.2d 964, and logical inferences drawn by him from the evidence are to be taken as established facts not reviewable judicially. Parker, Deputy Commissioner v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Southern Stevedoring Co. v. Henderson, Deputy Commissioner, 5 Cir., 175 F.2d 863. Where the evidence permits conflicting inferences, the inference drawn by the Deputy Commissioner will not be reviewed by the Court. Liberty Mutual Insurance Co. v. Gray, Deputy Commissioner, 9 Cir., 137 F.2d 926; Delta Stevedoring Co. v. Henderson, Deputy Commissioner, 5 Cir., 168 F.2d 872.

One may sustain an accident while performing the usual and normal incidents of his employment; it is the occurrence of the event which must be unusual, unexpected and undesigned, not the nature of the work being performed. Thus, "an accidental injury may occur notwithstanding the injured is then engaged in his usual and ordinary work". Commercial Casualty Ins. Co. v. Hoage, Deputy Commissioner, 64 App.D.C. 158, 75 F.2d 677, 678; Harbor Marine Contracting Co. v. Lowe, Deputy Commissioner, 2 Cir., 152 F. 2d 845, certiorari denied 328 U.S. 837, 66 S.Ct. 1012, 90 L.Ed. 1613. When exposure to the sun produces unexpected consequences this is held to be accidental injury. Davison v. Cardillo, Deputy Commissioner, 79 U.S.App.D.C. 121, 143 F.2d 154; Suckowski v. Norton, Deputy Commissioner, D.C., 16 F.Supp. 677.

Application to this case of the rules so laid down fully supports the finding made by the Deputy Commissioner that the deceased employee sustained an accidental injury when he contracted lupus erythematosus. The discharge of his duties unquestionably exposed him to the sun and thus furnished the factor which commonly leads to the disease. His affliction with it was an unlooked-for result of the exposure. It is of little moment that the order fixed the time when the outward signs of the disease first manifested themselves as that of its incidence. The vital elements are the presence of the disease and its origin and these were established.

Inasmuch as the order can rest on the finding of accidental injury, there is no occasion to pass on the contention that the award may also be supported as one for occupational disease, the more so since the order does not purport to rely on this latter ground.

It follows that the defendants' motion for summary judgment should be granted and the plaintiffs' cross-motion denied.

Settle order on notice.