**HENDERSON et al. v. AVONDALE MARINE WAYS, Inc.**

No. 14327.

United States Court of Appeals Fifth Circuit.

May 1, 1953.

Frederick J. Gisevius, Jr., and Robert R. Gisevius, New Orleans, La., for appellants.

Leon Sarpy, New Orleans, La., Chaffe, McCall, Toler & Phillips and Edmund Mc-Ilhenny, New Orleans, La., Mendes & Mount, New York City, of counsel, for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment reversing and setting aside an award of compensation to Sadie Anthony Wilson and her four minor children under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S. C.A. § 901 et seq., as a result of the death of one Mose Wilson.

▮▮ Mose and Sadie were married by license and ceremony on November 25, 1927 in the Parish of East Feliciana, Louisiana, following which they lived together about seven months and separated in July, 1928. The cause of the separation was that Mose's mother, with whom they lived, objected so violently to her daughter-in-law as to cut up her clothes. Without more, it is clear that Sadie would have been "living apart for justifiable cause", 33 U.S.C.A. § 902, and would have been entitled to compensa-

tion as the widow of Mose. Regrettably, however, Sadie took up first with one Savoy Harrell, and in 1942 with one Harry Thomas and was still living in concubinage with Harry Thomas through the time of the hearing before the Deputy Commissioner on April 22nd, 1952. This new and independent reason for her living apart from her husband operated as a matter of law to forfeit her rights to compensation as his widow. American Mutual Liability Ins. Co. v. Henderson, 5 Cir., 141 F.2d 813; Ryan Stevedoring Co. v. Henderson, 5 Cir., 138 F.2d 348.

As to the minor children the evidence is without dispute that Sadie remained at all times where she was accessible to her lawful husband. While we think that fact should not have been inquired into, the deputy commissioner found from the evidence that she and her husband continued to have sexual intercourse, while the district court found to the contrary. In any event the paternity of the deceased husband of the mother of the children cannot now be attacked. The reasons for that conclusion have been sufficiently stated in Ellis v. Henderson, 5 Cir., 204 F.2d 173.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STRUM, Circuit Judge (concurring).

I concur herein only because I am bound by the law of Louisiana, as it is correctly stated in the majority opinion.