63 N.J. Super. 50 (1960)
163 A.2d 736
IN THE MATTER OF THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF PYNN-HAWLEY COMPANY, ASSIGNOR, TO PAUL R. KLEINBERG, ASSIGNEE. IN THE MATTER OF THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF SKYCRAFTERS CORPORATION, ASSIGNOR, TO PAUL R. KLEINBERG, ASSIGNEE.
Superior Court of New Jersey, Union County Court, Probate Division.
Decided July 22, 1960.
*52 Mr. Raymond W. Young, Assistant United States Attorney for the District of New Jersey, appeared for the preferred claimant Internal Revenue Department (Mr. Chester A. Weidenburner, United States Attorney, attorney).
Mr. David E. Feldman, appeared for the assignee (Messrs. Furst, Furst & Feldman, attorneys).
BARGER, J.C.C.
This is an application by the assignee for commissions and allowances. The application includes a request for commissions by the assignee, allowance of counsel fees and an application by the attorney for the assignor for an allowance. The requests in the above first mentioned matter total $3,000, being approximately 48 per cent of the gross estate, and in the last mentioned matter total $6,000, being approximately 40 per cent of the gross estate.
The question for the court to determine is whether the maximum percentage of 20 per cent referred to in N.J.S. 2A:19-43, in the intention of the Legislature, has reference to all commissions and allowances allowed, including legal services rendered the assignee and other administration expenses, or whether such services and expenses are excluded therefrom. This section provides for compensation to be paid to the assignee in the form of commissions and such other allowances as may be proper under the circumstances of each case within the discretion of the court on a fair and just basis, but not in excess of 20 per cent of all sums received by the assignee.
There is a growing practice in such cases for the assignee to retain the services of an attorney directly or by petition *53 to the court, although in practically all of the cases the assignee himself is a member of the bar. When an application is made to the court it is usually on the ground that there are preferences involved requiring litigation or other legal actions to be instituted for the benefit of the estate. There is also a growing tendency to apply for allowances and commissions aggregating anywhere from 33 1/3 to 60 per cent of the gross value of the estate.
It must be understood, as indicated by the sections of the statute concerned, that the basic purpose of the assignment is to benefit the creditors of the assignor and their interest under all of the circumstances must be paramount.
There is very little law on the subject. The question raised in Sliker v. Fisher, 45 N.J. Eq. 132 (Prerog. 1889) has been answered by the amendment of the section of the statute concerned in 1950 adding the language "on all sums received." In the cited case the question was whether commissions were to be computed on the value of the estate, including assets not directly coming into the hands of the assignee; however, the cited case decided that commissions could only be computed and allowed on the estate which the assignee took into his hands under the assignment. It is to be noted that the forum generally is that of the probate division and, as indicated in the cited case, therefore the general rules pertaining to the administration of estates apply, subject of course to specific statutory provisions, and that commissions and allowances should be based on the established and accepted rule depending on the actual pains, trouble and risks involved in settling the estate.
As referred to, R.S. 2:34-51, which is the source of N.J.S. 2A:19-43 was amended by L. 1950, c. 320 and the amendment inserted the limitation of 20 per cent. The intention of the Legislature is expressed in this language: "The purpose of this bill is to provide a maximum on commissions and allowances to assignees for benefit of creditors." It is to be noted that such proceedings are generally initiated in the Probate Division of the County Court. Under some *54 circumstances referred to in the sections of the statute concerned, the proceedings can be initiated in the Superior Court.
There is no statutory or other authority found for the assignee to engage an attorney; however, the court realizes that in some cases it may be necessary and proper, in order to protect the estate, that the assignee have the benefit of the services of an attorney. However, in making allowances or determining commissions the court must then give consideration to the fact that the services of the assignee are principally limited to an administrative character. If the assignee requires counsel, then it appears that the proper procedure is for the assignee to make an application to the court adequately setting forth the reasons therefor.
The section of the statute mentioned refers to "such commissions and allowances." The word "commissions" apparently refers to the compensation allowed the assignee for his services of an administrative nature and similar to that of an executor, administrator or trustee. The word "allowances" is a very inclusive word and generally includes other services, administration expenses or disbursements, and it appears from the reading of the section of the statute mentioned and the intention expressed that the Legislature intended the limitation to be all-inclusive and to definitely keep in these matters all commissions and allowances within the 20 per cent mentioned.
The court concludes that all commissions and allowances made in the administration of such estates are limited to such a sum as will not exceed 20 per cent of the sums received and which are to be allowed on a fair and reasonable allowance basis depending on the pains, trouble and risk involved.
The general policy indicated at the time of the promulgation of the new rules is that except where specifically provided by the rules or by law, each litigant should bear his own counsel fees and that this policy was in the interest of sound judicial administration, and for a long period of time had been accepted as such in the Federal Courts. *55 Janovsky v. American Motorists Ins. Co., 11 N.J. 1 (1952). The court is satisfied that there is a fund in court. Katz v. Farber, 4 N.J. 333 (1950). However, the court is satisfied further that R.R. 4:55-7(b) is not controlling on this application because of the specific provisions of the statute referred to.
The court has considered in making the allowances that the above matters are in effect companion matters.
In the Pynn-Hawley Co. matter there are allowed as commissions to the assignee the sum of $500, and as counsel fees the sum of $400, and disbursements in the sum of $38.95.
In the Skycrafters matter there are allowed as commissions to the assignee the sum of $900, and as counsel fees the sum of $700, and disbursements in the sum of $125.63.
This court has been unable to find any authority for the granting of an allowance to the attorney for the assignor. The general rule relating to allowances from a fund under the court rule is that for an attorney to be entitled to compensation his services must have aided directly in creating, preserving or protecting the fund. The allowance of counsel fees in our practice has now been limited by the language of the rules, and previous custom or interpretation has been replaced thereby, State v. Otis Elevator Co., 12 N.J. 1 (1952), and in view of the expressed policy indicated by the courts under the new rules of leaving each litigant, except where specifically otherwise provided, to payment of his own counsel fees and without any such authority indicated, the application for counsel fees by the attorney for the assignor is denied.