621 A.2d 939

ELIZABETH BRINKERHOFF, RESPONDENT, v. CNA
INSURANCE COMPANY, APPELLANT.

JORGE M. CARRUITERO, RESPONDENT, v. CNA
INSURANCE COMPANY, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 23, 1993—Decided: March 19, 1993.

Before Judges ANTELL, DREIER and SKILLMAN.

*Ronca, McDonald & Hanley,* attorneys for appellant (*Robert J. Kovacs,* on the brief).

No brief was timely filed by respondents.

The opinion of the court was delivered by

DREIER, J.A.D.

CNA Insurance Company ("CNA"), the appellant/insurer in both of the captioned disability insurance claims, appeals from awards of the Appeal Tribunal of the Division of Unemployment & Disability Insurance, Department of Labor. In both cases petitioners were awarded temporary disability payments pursuant to *N.J.S.A.* 43:21–29 and –30 after their workers' compensation temporary disability payments were prematurely terminated. In both cases CNA rejected petitioners' claims for temporary disability payments under the Temporary Disability Benefits Law, after which petitioners successfully appealed to the Division of Unemployment & Disability Insurance.

Elizabeth Brinkerhoff had received workers' compensation benefits from December 15, 1990 until April 22, 1991. The workers' compensation carrier's examining physician determined on April 23, 1991 that Ms. Brinkerhoff had been able to work as of March 12, 1991 and that she in fact had been overpaid for five weeks and six days. She contested that ruling in the workers' compensation proceeding. Notwithstanding the examining doctors opinion, Ms. Brinkerhoff decided she could not return to work, remained under the care of several doctors, and was hospitalized for her back problems from August 21, 1991 through September 2, 1991.

Jorge Carruitero injured his back on the job on August 27, 1990. He received workers' compensation benefits from Au-

gust 28, 1990 until October 16, 1990. The employer's physician found that he was able to return to light duty work on October 18, 1990 so long as he engaged in no "heavy lifting or repeated bending." His employer's insurer suspended workers' compensation benefits on this basis, notwithstanding the fact that the limited activities were antithetical to the nature of warehouse work.[1] He therefore contested the stoppage of workers' compensation benefits. He remained under continuing medical care from October 17, 1990 until January 2, 1991.

In each case the Appeal Tribunal found that the petitioner was entitled to disability benefits on the basis of a contested workers' compensation claim. Petitioners both had a continuing inability to work and were entitled to the temporary payments while their compensation claims were being adjudicated. If their compensation claims are successful, the temporary disability carrier is statutorily subrogated under the Workers' Compensation Act to petitioners' rights to collect the benefits during the period that payments were received under the Temporary Disability Benefits Law. *N.J.S.A.* 34:15–57.1. The reciprocal section in the Temporary Disability Benefits Law, *N.J.S.A.* 43:21–30, also provides for subrogation to the extent of disability payments made when a claimant is entitled to workers' compensation benefits.

CNA does not dispute the factual determinations of the Appeal Tribunal. It recognizes that both claimants were in fact continuously disabled. CNA asserts, however, that temporary disability benefits are not payable where the injuries are work related. It is difficult to see how this conclusion can be drawn from the language of *N.J.S.A.* 43:21–29. Indeed, that was one of the purposes of the reciprocal provisions in the statutes. This statute clearly states that any covered individual who suffers from a work-related accident which is not compensable under workers' compensation is eligible for benefits.

---

[1] Mr. Carruitero was fired from his job effective October 17, 1990.

Disability shall be compensable subject to the limitations of this act, where a covered individual suffers any accident or sickness not arising out of and in the course of the individual's employment *or if so arising not compensable under the workers' compensation law* (Title 34 of the Revised Statutes), and resulting in the individual's total inability to perform the duties of employment.

[*N.J.S.A.* 43:21–29; emphasis added].

The temporary disability benefits are thus payable in two situations: first, "where a covered individual suffers any accident or sickness not arising out of and in the course of the individual's employment. . . ."; second, where the accident arose out of or in the course of employment (and therefore on its face would be covered by workers' compensation), but the accident or sickness is "not compensable under the workers' compensation law." In both cases there must be a total inability to perform the duties of employment. CNA's arguments would have us read out of the statute the second condition, a situation that occurred in both cases before us. The injuries clearly arose out of or in the course of employment. But after a period of time, the workers' compensation carriers asserted that the then-existing total inability to perform the duties of employment was "not compensable under the workers' compensation law." These claims fall squarely within the statute.

*N.J.S.A.* 43:21–30 gives further weight to this analysis. The statute grants temporary disability payments to claimants whose workers' compensation benefits are contested.

Where a claimant's claim for compensation for temporary disability, under the provisions of [the Workers' Compensation law] is contested, and thereby delayed, and such claimant is otherwise eligible for benefits under this chapter, said claimant shall be paid the benefits provided by this chapter until and unless said claimant receives [Workers' Compensation benefits].

[*N.J.S.A.* 43:21–30].

This provision applies perfectly where Ms. Brinkerhoff and Mr. Carruitero both were contesting the stoppage of their workers' compensation benefits. These payments were intended to fill the gap between an initial termination of workers' compensa-

tion benefits and the resolution of any dispute over the propriety of such action.

Both of these statutes exemplify the Legislature's intention that the Temporary Disability Benefits law provide "the payment of reasonable cash benefits to eligible individuals suffering accident or illness which is not compensable under the [workers'] compensation law." *N.J.S.A.* 43:21–26; *see Potts v. Barrett Div., Allied Chemical & Dye Corp.,* 48 *N.J.Super.* 554, 559, 138 *A.*2d 574 (App.Div.1958).

CNA also argued that the remedy for claimants was to apply to the "4f fund." *N.J.S.A.* 43:21–4(f)(1). The statute permits the payment of unemployment compensation for individuals who suffer an accident or sickness not compensable under the workers' compensation law, and who are otherwise eligible to receive unemployment compensation benefits. Both claimants were ineligible to receive payments from the "4f fund." Both suffered accidents that *were* compensable under the Workers' Compensation Law. Further, they were expressly excluded because the "4f fund" will not pay benefits "[f]or any period of disability commencing while such individual is a 'covered individual,' as defined in ... the 'Temporary Disability Benefits Law'...." *N.J.S.A.* 43:21–4(f)(1)(F). As noted above, both individuals *were* covered by the Temporary Disability Benefits law. Furthermore, because they were seeking such temporary disability benefits, they were also expressly excluded under *N.J.S.A.* 43:21–4(f)(1)(E). CNA's assertion that the "4f fund" is the proper source of petitioners' benefits is clearly incorrect.

We thus determine that both claimants were entitled to temporary disability benefits. That the decisions of the Appeal Tribunal are therefore affirmed.