689 A.2d 772

IN THE MATTER OF DOUGLAS H. PATERSON.

Superior Court of New Jersey
Appellate Division

Submitted February 10, 1997—Decided March 3, 1997.

334

Before Judges PETRELLA, LANDAU and KIMMELMAN.

*Pitman, Senesky, Nicola, Selitto & Oller,* attorneys for appellant Douglas H. Paterson (*Ronald D. Nicola* on the brief).

*Chadbourne & Parke,* attorneys for respondent Sonoco Products Co. (*Daniel E. Estrin* on the brief).

The decision of the court was delivered by

LANDAU, J.A.D.

This is an appeal by Douglas H. Paterson from a final decision of the Department of Labor, Private Plan Hearing Office, that denied his request to enforce payment of temporary disability benefits under an employer private plan.

After Paterson was injured in a motor vehicle accident on February 12, 1993, he filed a claim for workers' compensation benefits from his employer Sonoco Products Co. The claim was

contested, but Paterson received temporary compensation benefits from April 17, 1993 through October 31, 1993.

GAB Business Services, Sonoco's compensation servicing agent (Sonoco is self-insured), refused to continue benefits after October 31, 1993 because Paterson, apparently on advice of counsel, refused to submit to a further physical examination that it requested. Subsequently, Paterson did agree to a GAB-requested neurological and psychiatric examination which was conducted on April 26, 1994. The temporary compensation benefits were promptly resumed on a reservation of rights basis, effective April 25, 1994, preserving Sonoco's ability to contest compensability.

Paterson sought temporary disability coverage under *N.J.S.A.* 43:21–29 and 21–30 for the period between November 1, 1993 and April 25, 1994 when no compensation benefits were paid. These statutes provide in pertinent part:

*N.J.S.A.* 43:21–29. **Compensable Disability**

Disability shall be compensable subject to the limitations of this act, where a covered individual suffers any accident or sickness not arising out of and in the course of the individual's employment or if so arising not compensable under the workers' compensation law (Title 34 of the Revised Statutes), and resulting in the individual's total inability to perform the duties of employment.

*N.J.S.A.* 43:21–30. **Nonduplication of benefits**

... Where a claimant's claim for compensation for temporary disability, under the provisions of [the workers' compensation law], is contested, and thereby delayed, and such claimant is otherwise eligible for benefits under this chapter, said claimant shall be paid the benefits provided by this chapter until and unless said claimant receives compensation under the provisions of [the workers' compensation law].

Critical to the present case is *N.J.S.A.* 34:15–19, part of the Workers' Compensation Act, which formed the basis for GAB's cessation of temporary compensation benefits during the period when Paterson opted not to submit to re-examination. This section provides:

After an injury, the employee, if so requested by his employer, must submit himself for physical examination and X-ray at some reasonable time and place within this state, and as often as may be reasonably requested, to a physician or physicians authorized to practice under the laws of this state. If the employee requests, he shall be entitled to have a physician or physicians of his own selection present to participate in such examination. The refusal of the employee to submit

to such examination shall deprive him of the right to compensation during the continuance of such refusal. When a right to compensation is thus suspended no compensation shall be payable in respect of the period of suspension. On request, the workmen's compensation bureau may examine the X-ray for the purpose of determining the amount of disability due, if any.

[*N.J.S.A.* 34:15–19.]

Because of the suspension of compensation benefits authorized by *N.J.S.A.* 34:15–19, Paterson urged that as he was "otherwise eligible," and workers compensation was being contested, he was entitled to the temporary disability benefits available under *N.J.S.A.* 43:21–30.

Sonoco's private plan insurer disagreed, contending that Paterson's compensation benefits were not delayed because of the contested nature of the workers' compensation case. Rather, because he had refused to submit to a reasonably requested reexamination, such refusal "deprive[d] him of the right to compensation during the continuance of such refusal." *See N.J.S.A.* 34:15–19. They pointed out that as soon as Paterson rendered himself eligible by submitting to the examination, temporary compensation benefits were resumed.

The Private Plan Hearing Officer (PPHO) accepted this analysis. He reasoned that while the temporary disability payments to Paterson may be subject to reimbursement from a compensation award, *N.J.S.A.* 34:15–19 provides that "no compensation is payable in respect to the period of suspension" occasioned by refusal to submit to a reasonable request for examination. The PPHO also held that Paterson failed to meet a prerequisite for entitlement under *N.J.S.A.* 43:21–30, in that compensation benefits were not "delayed because the claim was contested", but were stopped because of the "claimant's refusal to submit to physical examination as required by law."

In consequence, Paterson's request that the PPHO order payment of temporary disability benefits from November 1, 1993 to April 25, 1994 was denied.

Paterson urges on appeal that there has never been any question that his workers' compensation claim is contested, or that he

was in fact disabled and unable to work during the period between November 1, 1993 and April 25, 1994. Accordingly, he urges that in light of the remedial nature of the temporary disability statutes [1], we should reverse the decision of the PPHO.

Sonoco argues that the statutory provision which denies workers' compensation benefits during a period of suspension occasioned by refusal to submit to examination would make no sense if the employee could refuse, and simply turn to the Temporary Disability Benefits Law for payments. Unlike cases such as *Janovsky v. American Motorists Ins. Co.*, 11 *N.J.* 1, 93 *A.*2d 1 (1952) and *Brinkerhoff v. CNA Ins. Co.*, 263 *N.J.Super.* 1, 621 *A.*2d 939, (App.Div.1993), Paterson was not waiting for resolution of compensation entitlement or of a dispute as to his ability to return to work. Rather, Sonoco points out, his benefits had been discontinued only because he refused to submit to a medical examination. Further, Sonoco urges, we should not credit Paterson's argument that he was in fact disabled from November 1, 1993 to April 25, 1994, because he "forfeited his claim" by refusing to submit to examination.

■ We believe that the arguments of each party inadequately address provisions of the Workers' Compensation and Temporary Disability Benefits statutes which affect resolution of this appeal. *N.J.S.A.* 34:15–57.1 provides authority for reimbursement of the Division of Employment Security or a private plan employer, as the case may be, for the amount of disability benefits paid to a disabled employee pursuant to the Temporary Disability Benefits Law, but only if that employee "becomes entitled to or is awarded compensation for temporary disability pursuant to chapter fifteen of Title 34 ... for the same weeks or period with respect to which he has received disability benefits pursuant to the Temporary Disability Benefits Law." See also *N.J.S.A.* 43:21–30, which pro-

---

[1] *N.J.S.A.* 43:21–26 calls for liberal construction of these statutes as remedial legislation.

vides for subrogation as to compensation benefits awarded for the same weeks that temporary disability benefits were paid.

Thus, as Paterson's refusal to submit to a reasonably requested re-examination barred him from entitlement to an award of any workers' compensation benefit between November 1, 1993 and April 25, 1994, that refusal effectively barred an entity which would pay him Temporary Disability Benefits for that period from being reimbursed for such payments.

We believe that the legislature did not intend to reward an injured employee who refuses to comply with the provisions of the compensation laws by affording an alternate method of securing temporary benefits, while depriving its payer from reimbursement. Read together, we are satisfied that *N.J.S.A.* 34:15–19; 34:15–57.1 and *N.J.S.A.* 43:21–30 do not contemplate the award of temporary disability benefits to an employee which have been necessitated only because temporary compensation benefits were discontinued by reason of the employee's refusal to submit to examination. The delay or suspension of compensation payments in this case did not, as required by the non-duplication provision, *N.J.S.A.* 43:21–30, arise because Paterson's claim was contested.

We have not ignored the fact that when Paterson ultimately submitted to examination, the report of GAB's physicians, Essex Neurological Associates, opined and recommended as of April 30, 1994 that "he should continue to collect temporary disability benefits" for the next two or three months. In short, apart from the impact of his refusal, Paterson might have been medically eligible for those benefits under *N.J.S.A.* 43:21–30, had compensation benefits been delayed only because they were contested.

█ The latter observation, however, prompts us to consider whether there is any reason to deprive Paterson of temporary disability benefits during the November 1993—April 1994 hiatus if it should be determined that, notwithstanding a finding of his total inability to perform the duties of employment during that period, his accident did not arise out of and in the course of employment

and is not compensable under the Workers' Compensation Law. Under *N.J.S.A.* 43:21–29, such a disability would then be compensable under the Temporary Disability Benefit Law. The purpose of the Temporary Disability Benefit Law is to protect workers against loss of income caused by non-employment-related accident or sickness. *Snedeker v. Bd. of Review, Div. of Emp. Sec.,* 139 *N.J.Super.* 394, 354 *A.*2d 331 (App.Div.1976).

■ If the Workers' Compensation Law does not apply, the temporary disability payer would have been deprived of no subrogation right by reason of Paterson's refusal to be examined in the workers' compensation proceeding. There would be no need to explore the cause for delay or suspension of temporary workers' compensation benefits, and no legislative policy to be served by denying temporary disability benefits because of that refusal.

Accordingly, while we affirm the decision under review, we expressly preserve Paterson's right to request temporary disability benefits for the contested period in the event that it is determined that his accident is not compensable under the Workers' Compensation Law.

Affirmed.