EDWARD L. NEYLON, PETITIONER-RESPONDENT, v. FORD MOTOR COMPANY, RESPONDENT-APPELLANT.

Argued September 8, 1952—Decided October 14, 1952.

*Mr. Sam Weiss* argued the cause for the respondent (*Mr. Lewis S. Jacobson*, attorney).

*Mr. Verling C. Enleman* argued the cause for the appellant (*McCarter, English & Studer*, attorneys; *Mr. Stuart A. Young*, of counsel).

*Mr. Thomas L. Parsonnet; Messrs. Kapelsohn, Lerner, Leuchter & Reilman; Mr. Joseph P. Dunn* and *Messrs. Margolis & Margolis* filed a brief *amici curiae* (*Mr. Perry E. Belfatto, Mr. Lewis C. Jacobson* and *Mr. Herman M. Wilson*, of counsel).

PER CURIAM. The judgment appealed from is affirmed by an equally divided court.

VANDERBILT, C. J. We are told that there are other cases being held awaiting the outcome of this appeal. So that my vote here may not be misinterpreted I deem it necessary to state briefly my position with respect to the so-called "unusual strain or exertion" doctrine.

In cases such as the one here before us where the injury is orthopedic and presumptively traumatic, I am of the opinion that proof of unusual strain or exertion is not required by the workmen's compensation laws. It is for this reason that I joined in the dissenting opinion of Mr. Justice Heher, 8 *N. J.* 594, filed on this appeal prior to the granting of reargument. That opinion, it is to be noted, does not treat of the doctrine of unusual strain or exertion as applied to heart cases. It is for the same reason that I concur with the opinion of Mr. Justice Jacobs filed herewith, but only to the extent that it applies to cases of the type here involved and not to the extent that by dictum it deals with heart cases.

Accordingly I vote to affirm the judgment under review.

JACOBS, J.   The plaintiff Edward L. Neylon was employed by the defendant Ford Motor Company as a utility man or car loader.   On November 16, 1948, while unloading a freight car in regular manner he suffered a back injury, later diagnosed as a left sacroiliac sprain.   He sought compensation under the act (*R. S.* 34:15–7) and received an award in the Bureau upon the factual finding that the strain or exertion incident to his work caused his back injury.   This factual finding was sustained in the County Court and the Appellate Division (13 *N. J. Super.* 56, 58 (1951)) and is not questioned in this court.   Indeed, the sole contention for reversal is that since the sprain resulted from a strain or exertion which was not an unusual one there was no injury by accident within the doctrine approved by this court in *Seiken v. Todd Dry Dock, Inc.,* 2 *N. J.* 469 (1949).

I consider this contention to be without merit and expressly rejected it in *Mills v. Monte Christi Corp.,* 10 *N. J. Super.* 162, 165 (*App. Div.* 1950) certif. denied 6 *N. J.* 315 (1951) and *Ptak v. General Electric Co.,* 16 *N. J. Super.* 573 (*App. Div.* 1951).   *Cf. Fox v. Plainfield,* 10 *N. J. Super.* 464 (*App. Div.* 1950).   In the *Mills* case I pointed out that the *Seiken* doctrine had actually been applied only to heart disease and was apparently grounded upon the judicially declared presumption that it ordinarily results from natural physiological causes, rather than trauma or particular effort. At the oral argument it was not seriously disputed that an award would have been proper, without any showing of unusual strain or exertion, if the plaintiff had suffered a common fracture, dislocation or similar injury ordinarily resulting from trauma or particular effort; it seems clear that no basis exists for differentiating such injuries from his sacroiliac sprain.   I know of no prior instances in which our courts have declined compensation for such orthopedic injuries on the alien ground that they were sustained during the employee's performance of his usual work.   It is significant that in every decision cited as pertinent by Justice Case in the opinion originally filed in this cause (8 *N. J.* 586,

at 589 (1952)) the award in favor of the employee was upheld. See 6 *Rutgers L. Rev.* 629, 630 (1952).

In his dissenting opinion (8 *N. J.* 586, 594· (1952)) and in earlier opinions (*Lohndorf v. Peper Bros. Paint Co.*, 135 *N. J. L.* 352, 353 (*E. & A.* 1947); *Temple v. Storch Trucking Co.*, 3 *N. J.* 42, 46 (1949)), Justice Heher takes the position that the artificial requirement of the *Seiken* case has no proper place in the interpretation or administration of the act. As he sees it, the issue is whether the particular strain or exertion in fact caused the untoward injury; if it did, then the pertinent provision of the Act has been satisfied. He recognizes that in the heart cases it will ordinarily be more difficult to establish that the particular strain or exertion brought on the attack; but, here again, if there is a finding upon sufficient evidence that it did, then the provision of the act has likewise been satisfied. See *Becker v. Union City,* 17 *N. J. Super.* 217 (*App. Div.* 1952).

I accept the views fully expressed by Justice Heher; they find support not only in reason and the underlying beneficent purposes of the act but also in occasional decisions by our court of last resort (*Hentz v. Janssen Dairy Corp.*, 122 *N. J. L.* 494 (*E. & A.* 1939); *Bollinger v. Wagaraw Building Supply Co.*, 122 *N. J. L.* 512 (*E. & A.* 1939); *Ciocca v. National Sugar Refining Co.,* 124 *N. J. L.* 329, 334 (*E. & A.* 1940); *Cavanaugh v. Murphy Varnish Co.*, 130 *N. J. L.* 107 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 163 (*E. & A.* 1944)), and in numerous decisions elsewhere in the country. See *e. g., Walter v. Hagianis*, 97 *N. H.* 314, 87 *A.* 2d 154 (1952); *Pan American Airways, Inc. v. Willard*, 99 *F. Supp.* 257 (*S. D. N. Y.* 1951); *Gray's Hatchery & Poultry Farms v. Stevens*, 81 *A.* 2d 322 (*Del. Super. Ct.* 1950); *Purity Biscuit Co. v. Industrial Commission*, 115 *Utah* 1, 201 *P.* 2d 961 (1949); 5 *Schneider, Workmen's Compensation Text,* § 1446 (1946); 58 *Am. Jur.,* p. 756 (1948). *Cf. Kelly-Springfield Tire Co. v. Daniels*, 85 *A.* 2d 795, 797 (*Md. Ct. of App.* 1952).

Justice HEHER joins this opinion.

OLIPHANT, J. I would reverse the judgment below for the reasons expressed by Mr. Justice Case in the majority opinion of this court in *Neylon v. Ford Motor Company*, 8 *N. J.* 586 (1952). A contrary holding ignores the word "accident" contained in the statute, *N. J. S. A.* 34:15–7, deletes it therefrom and amounts to judicial legislation.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER and JACOBS—3.

*For reversal*—Justices OLIPHANT, WACHENFELD and BURLING—3.