SAMUEL JANOVSKY, PLAINTIFF-APPELLANT, v. AMERI-
CAN MOTORISTS INSURANCE CO., AN ILLINOIS COR-
PORATION, DEFENDANT-RESPONDENT.

Argued November 3 and 10, 1952—Decided December 8, 1952.

*Mr. Arthur E. Dienst* argued the cause for the appellant.

*Mr. Isidor Kalisch* argued the cause for the respondent (*Mr. George H. McElroy,* attorney).

*Mr. William C. Nowels,* Deputy Attorney-General, argued the cause for intervenor Division of Employment Security (*Mr. Theodore D. Parsons,* Attorney-General of New Jersey, attorney).

The opinion of the court was delivered by

JACOBS, J. This is an appeal, certified by this court on its own motion, from a judgment adverse to the plaintiff and entered in the Chancery Division.

The plaintiff Samuel Janovsky was employed by M. Raboy Flooring Co. and while at work he suffered a heart attack. He duly filed a claim under the Workmen's Compensation Law (*R. S.* 34:15–1 *et seq.*) and pending hearing thereon he made a claim for benefits under the Temporary Disability Benefits Law. *R. S.* 43:21–25 *et seq.* On this latter claim he was paid the sum of $780 by the defendant American Motorists Insurance Co., the carrier under the employer's private plan permitted by *N. J. S. A.* 43:21–32; this sum was paid in September 1950 upon the express understanding that the carrier would be subrogated to the extent thereof, in the event of a later award to the plaintiff under the compensation law. See *R. S.* 43:21–30. In December 1950 the plaintiff received a compensation award of $328.14 for temporary disability, and $3,437.50 for permanent partial disability, which was paid by Zurich Insurance Co., the employer's compensation carrier.

In July 1951 the plaintiff filed his complaint, naming the American Motorists Insurance Co. as defendant, and seeking to have the court adjudge that the plaintiff pay the sum of $780 into court, and determine the amount due the defendant and whether plaintiff is entitled to a counsel fee therefrom. The defendant filed its answer claiming the

sum of $780 without deduction and the cause was submitted for determination, without testimony but upon adequate factual admissions made at the pretrial conference. See *Rule* 3:16. The lower court duly rendered its opinion in which it found (1) that under *R. S.* 43:21–30 the defendant was "entitled to be subrogated in the full amount of $780.00," and (2) that no counsel fee should be allowed. *Cf. R. S.* 43:21–51. The plaintiff's appeal from the ensuing judgment attacks both findings.

Prior to 1948 provision had been made by our Legislature for available workers who were unable to obtain employment (*R. S.* 43:21–1 *et seq.*) and for workers disabled by accident or occupational illness covered by the compensation law. However, no provision had been made for workers who were unable to work because of accident or illness not thus covered. See *Bogda v. Chevrolet-Bloomfield Div., G. M. Corp.,* 8 *N. J. Super.* 172, 177 (*App. Div.* 1950). To fill this gap the Legislature enacted the Temporary Disability Benefits Law (*L.* 1948, *c.* 110; *N. J. S. A.* 43:21–25 *et seq.*), which expressly stated in its title that it was "An Act to provide for the payment of disability benefits to certain persons with respect to accident and sickness not compensable under the workmen's compensation law." In section 5 (*L.* 1948, *c.* 110, *p.* 588) it provided that disability thereunder shall be compensable where a covered individual suffers accident or injury not arising out of and in the course of his employment "or if so arising not compensable under the workmen's compensation law" and in section 6 (*L.* 1948, *c.* 110, *p.* 589) it provided for "Nonduplication of benefits." This latter section (*N. J. S. A.* 43:21–30) provided that no benefits shall be required or paid under the Temporary Disability Benefits Law for any period with respect to which benefits, "other than benefits for permanent partial [*cf. L.* 1952, *c.* 190] disability previously incurred" are paid or payable under any workmen's compensation law. The same section provided further, in effect, that if such workmen's compensation benefits are awarded after prior payments have

been made under the benefits law, the state fund or the private plan shall be subrogated to the extent of such prior payments.

■ In the light of the foregoing provisions we find the overriding legislative plan and its practical operation to be fairly evident. See *Cox*, Judge Learned Hand and the Interpretation of Statutes, 60 *Harv. L. Rev.* 370 (1947). Where an employee is disabled by accident or illness he will generally be entitled to benefits under either the compensation law or the benefits law, but not under both. If liability under the compensation law is clear, payment will be made thereunder, and if absence of liability under that statute is clear, payment will be made under the benefits law. If, however, as in the instant matter, the occurrence is in a twilight zone, with liability under the compensation law doubtful and dependent on the outcome of contested proceedings (*cf. Neylon v. Ford Motor Co.*, 10 *N. J.* 325 (1952)), immediate payment to help tide the worker over during his inability to work should be permissible and, indeed, readily available, under the benefits law, with full reimbursement from any award subsequently rendered in the compensation proceeding. We are satisfied that under *N. J. S. A.* 43:21–30 this right of reimbursement or subrogation, as described in the statute, applies to the entire award including temporary and permanent disability allowances; the single express statutory exception in favor of benefits for permanent disability "previously incurred" simply refers to unrelated payments still being made on any earlier compensable accident or disease. If the plaintiff's contrary construction, namely, that the defendant's right of reimbursement is confined to the sum of $328.14, representing his temporary disability award, were adopted the plaintiff would receive duplicating benefits under both laws, thus ignoring the clear legislative policy, appropriately expressed and supported by administrative practice in the Division of Employment Security and judicial decisions elsewhere. *Cf. Bryant v. Industrial Accident Commission*,

*37 Cal. 2d* 215, 231 *P. 2d* 32 (*Sup. Ct.* 1951). It is worthy of note that plaintiff's construction would lead to the highly unfortunate result of dissuading immediate benefit payment where there is an issue of liability under the compensation law. See *Aetna Life Insurance Co. v. The Industrial Accident Commission*, 38 *Cal. 2d* 599, 241 *P. 2d* 530, 532 (*Sup. Ct.* 1952).

The plaintiff makes reference to L. 1950, *c.* 174 (*N. J. S. A.* 34:15–57.1; *N. J. S. A.* 34:15–57.2), which supplemented the Workmen's Compensation Law and authorized the deputy director to incorporate in the compensation award provision for repayment of any sums received by the employee under the Disability Benefits Law for the same accident or illness. That statute in nowise restricted the right of reimbursement expressly prescribed in the benefits law; on the contrary, it was designed to furnish an additional procedural aid in obtaining such reimbursement. The plaintiff's compensation proceeding was apparently completed without mention in the pleadings or otherwise of the fact that he had received payments under the benefits law and, accordingly, his award made no reference thereto. Considering the circumstances and the statutory purpose we find no merit whatever to the plaintiff's contention that the defendant should now be barred, presumably under *res judicata* principles, from asserting its right of reimbursement. See *Chirelstein v. Chirelstein*, 12 *N. J. Super.* 468, 481 (*App. Div.* 1951). *Cf. Central Home Trust Co. v. Gough*, 5 *N. J. Super.* 295, 300 (*App. Div.* 1949).

The plaintiff urges that the lower court should have allowed him a counsel fee to be deducted from the $780 due to the defendant. He acknowledges that under *N. J. S. A.* 43:21–51 he was not entitled to any judicial allowance for services rendered before the Division of Employment Security under the benefits law; he contends, however, that he was entitled to a judicial allowance for services rendered in the Workmen's Compensation Division in obtaining the award from which the $780 is being paid to the

defendant. *Cf. Fireman's Fund Indemnity Co. v. Batts,* 11 *N. J. Super.* 242, 245 (*App. Div.* 1951). This contention is clearly without merit. The statutes contain exclusive provisions governing the allowance of counsel fees by the Workmen's Compensation Division for services rendered therein. See *R. S.* 34:15–26; *R. S.* 34:15–64; *Haberberger v. Myer,* 4 *N. J.* 116 (1950). Presumably, the plaintiff's judgment in the Division embodied proper allowance of counsel fee; in any event, no appeal therefrom was taken and in the present proceeding the court had no authority to increase whatever allowance was made therein.

Finally, the plaintiff urges that he should have been allowed a counsel fee under *Rule* 3:54–7 for services rendered in the Chancery Division. When it promulgated its rules, this court adopted the philosophy, long accepted in the federal courts, that the interests of sound judicial administration will best be advanced by having every litigant bear his own counsel fee except in a few specially designated situations. It is true, as the plaintiff points out, that one of the specially designated situations in which the court may still, in its discretion, allow counsel fee is from a "fund in court." *Rule* 3:54–7(*b*). But in the instant matter, no fund was actually paid into court or brought under its control prior to the final judgment in the defendant's favor, and the plaintiff's proceeding was not an action to create or protect a fund for the benefit of a class which he represented. See *Driscoll v. Burlington-Bristol Bridge Co.,* 8 *N. J.* 433, 495 (1952); *Katz v. Farber,* 4 *N. J.* 333, 342 (1950). *Cf. Sprague v. Ticonic National Bank,* 307 *U. S.* 161, 165, 59 *S. Ct.* 777, 83 *L. Ed.* 1184, 1186 (1939); Note, Allowance of Attorneys' Fees from a Fund in Court, 35 *Col. L. Rev.* 740 (1935). Nor was it instituted for the purpose of protecting the plaintiff against conflicting claims (*Rule* 3:22); the plaintiff simply sought to establish judicially against the defendant his claim that he was entitled to retain the $780 in part or *in toto.* In that quest he failed and his situation appears to be no different than that of losing

litigants generally. *Cf. West v. St. James' Episcopal Church,* 83 *N. J. Eq.* 324, 326 (*E. & A.* 1914) where Justice Parker indicated that even where there is a fund in court allowance of counsel fee is ordinarily denied to an unsuccessful claimant, suggesting that a contrary view "would be to encourage unnecessary and frivolous litigation." See *Marx v. Rice,* 1 *N. J.* 574, 589 (1949). When the plaintiff received payment under his award he should have made reimbursement to the defendant in compliance with the benefits law and the express understanding accompanying the defendant's payment to him. Instead, he chose to proceed in the Chancery Division in the hope of personal gain; having litigated fruitlessly we see no just reason why the defendant's recovery should be charged with his counsel's fee.

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.