75 N.J. Super. 430 (1962)
183 A.2d 440
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT,
v.
NEW JERSEY DIVISION OF EMPLOYMENT SECURITY, DISABILITY INSURANCE SERVICE AND PAULINE SAFAR, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1962.
Decided July 12, 1962.
*431 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Howard K. Stokes argued the cause for appellant.
Mr. Otto C. Staubach argued the cause for respondent Safar (Messrs. Weiner, Weiner & Glennon, attorneys).
The opinion of the court was delivered by FOLEY, J.A.D.
The Prudential Insurance Company of America (Prudential) appeals from an order of a hearing officer of the Disability Insurance Service, Division of Employment Security, Department of Labor and Industry, directing the payment of temporary disability benefits to the respondent Safar, under N.J.S.A. 43:21-25 et seq. Mrs. Safar was an employee of Regina Corporation. That company was the policy holder of a private plan of temporary disability which was underwritten by Prudential for the benefit of Regina's employees, pursuant to the provisions of N.J.S.A. 43:21-32.
*432 In April 1958 Mrs. Safar fell while at work and suffered an injury to her spine. Concededly, this incident was an accident which arose out of and in the course of her employment entitling her to the benefits of the Workmen's Compensation Act, R.S. 34:15-7 et seq. In due course she filed a petition for compensation in the Workmen's Compensation Division and received an award for temporary and permanent disability. She returned to work in July 1958 and continued at her regular job until September 12, 1959, when she temporarily ceased work upon the advice of her physician, and with the consent of her employer took a leave of absence. She resumed her employment on November 16, 1959.
The issue in this case is whether she is entitled to the benefits of the Temporary Disability Benefits Law (N.J.S.A. 43:21-25 et seq.) for the latter period. Shortly after November 16 Mrs. Safar filed a petition with the Workmen's Compensation Division for a reopening of her compensation case, claiming an increase in disability over that for which she had previously been compensated. She also filed a claim for temporary disability benefits with Prudential for the period in question. That claim was rejected on the basis of Mrs. Safar's disqualifying statement that her disability resulted from a "sprain of cervical spine & lumbar spine" suffered when she "fell at work, landing on her back."
The reopening of the compensation case came on for hearing on March 30, 1961. An abbreviated transcript of the findings of the workmen's compensation judge recites that temporary and permanent disability benefits and medical reimbursement were at issue. The theory then advanced by the petitioner and supported by her doctor was that there had been an increase in permanent disability orthopedically, and that a further development of a severe post-traumatic neurosis of the anxiety type was also attributable to the accident. The respondent's doctors took the position that her compensable disability had not increased, and that her disabling symptomatology was referable to the arteriosclerosis and high blood pressure for which she was then under treatment. *433 The compensation judge found it "very difficult to isolate the results of the trauma of the original accident from the consequences of hypertention and arteriosclerosis." However, placing these competing factors in balance the judge concluded that:
"The petitioner's permanent disability has increased in neuropsychiatric nature from seven and one-half percent of total to eleven and one-half percent of total * * *."
Judgment was entered for petitioner accordingly. It is of significant importance to note at this point that in granting this award the judge made no finding whatever as to Mrs. Safar's right to temporary compensation for the period September 13, 1959 until November 16, 1959. The absence of such finding is the genesis of the present dispute.
Thereupon Mrs. Safar applied for temporary disability benefits for the period September 13 to November 15, 1959. A transcript of the hearing thereon, held September 21, 1961, reveals that when Mrs. Safar was asked why she discontinued work on September 12 she related the many physical complaints of pain, suffering and disability which she endured in the two months following that date, to the industrial accident. The following excerpt from her testimony makes this clear:
"Q. In your opinion, as far as you know, is the illness from September 12, 1959 to November 16, 1959 due to the accident, or is it due to some other cause?
A. From the accident.
Q. You are certain it is due to the accident?
A. Yes, I never had no trouble before that, no kind of sickness, no pains or nothing. In fact, I never was sick. I did not even know what sickness was until now.
Q. You claim it is due to the accident, not to any other cause?
A. No, just due to the accident."
The hearing officer had before him the transcript of the workmen's compensation proceedings on the reopening, and his adjudication of the matter appears to have been rested *434 upon the concept that the award of the compensation judge was conclusive of the problem with which he was presented. He said:
"Under the findings of the judge in the Workmen's Compensation court, before whom the parties appeared in person and who had the opportunity to observe the claimant and the various physicians who testified, he stated he had difficulty in isolating the results of the trauma of the original accident from the consequences of hypertension and arteriosclerosis, which according to some of the medical testimony were the causes of the claimant's illness. However, the judge apparently did not find a causal relationship between the claimant's illness from September 13, 1959 through November 15, 1959, and the injuries received in the accident on April 10, 1958. In spite of the conflict of the medical testimony, the learned judge saw fit to find additional permanent disability but did not find any temporary disability."
He awarded benefits upon the theory that the foregoing constituted a finding that the temporary disability in question was causally unrelated to the industrial accident, or was otherwise noncompensable; hence the applicant was entitled to benefits under N.J.S.A. 43:21-29, which provides as follows:
"Disability shall be compensable subject to the limitations of this act, where a covered individual suffers any accident or sickness not arising out of and in the course of his employment or if so arising not compensable under the workmen's compensation law * * * and resulting in his total inability to perform the duties of his employment. * * *"
Appellant argues that this quasi-judicial action was plainly violative of the nonduplication of benefits provision of N.J.S.A. 43:21-30, the pertinent parts of which are:
"Nor shall any benefits be required or paid under this act for any period with respect to which benefits, other than benefits for permanent partial or permanent total disability previously incurred, are paid or payable on account of the disability of the covered individual under any workmen's compensation law, * * *." (Emphasis added)
*435 The gist of appellant's contention is that N.J.S.A. 43:21-29 is designed to afford temporary disability benefits only where the disability, (1) did not arise out of and in the course of the employment, so as to be compensable under the Workmen's Compensation Act, or (2) where the disability did arise out of and in the course of the employment, but compensation could not be awarded because of prohibitory provisions in the act, as, for example, a compensation claim by a casual employee. Furthermore, appellant urges that if the disability flows from an accident arising out of and in the course of the employment and is compensable, temporary disability benefits do not become available merely because workmen's compensation benefits to which the employee was entitled were not in fact awarded. In other words, appellant's thesis is that Mrs. Safar had a workmen's compensation case and there may have been payable to her, although not necessarily paid, compensation for the period of temporary disability in question; and if she was dissatisfied with the award because it did not include temporary disability benefits, she had a right to appeal therefrom to the County Court in the manner prescribed by N.J.S.A. 34:15-66. But, says appellant, she cannot by passive acceptance of the award as made strip from her claim its essential attributes of a workmen's compensation claim, absent an affirmative finding by the compensation judge that her temporary disability, as distinguished from her permanent disability, was unrelated to the work incident.
In Janovsky v. American Motorists Ins. Co., 11 N.J. 1, 4-6 (1952) Justice Jacobs elucidated the interrelated purposes of the Workmen's Compensation and the Temporary Disability Benefits Acts, pointing out the mutually exclusive remedies contemplated by the Legislature in providing for nonduplication of benefits. See N.J.S.A. 43:21-30, supra. Justice Jacobs said, at pages 4-5:
"Prior to 1948 provision had been made by our Legislature for available workers who were unable to obtain employment (R.S. *436 43:21-1 et seq.) and for workers disabled by accident or occupational illness covered by the compensation law. However, no provision had been made for workers who were unable to work because of accident or illness not thus covered. See Bogda v. Chevrolet-Bloomfield Div., G.M. Corp., 8 N.J. Super. 172, 177 (App. Div. 1950). To fill this gap the Legislature enacted the Temporary Disability Benefits Law (L. 1948, c. 110; N.J.S.A. 43:21-25 et seq.), which expressly stated in its title that it was `An Act to provide for the payment of disability benefits to certain persons with respect to accident and sickness not compensable under the workmen's compensation law.' In section 5 (L. 1948, c. 110, p. 588) it provided that disability thereunder shall be compensable where a covered individual suffers accident or injury not arising out of and in the course of his employment `or if so arising not compensable under the workmen's compensation law' and in section 6 (L. 1948, c. 110, p. 589) it provided for `Nonduplication of benefits.' This latter section (N.J.S.A. 43:21-30) provided that no benefits shall be required or paid under the Temporary Disability Benefits Law for any period with respect to which benefits, `other than benefits for permanent partial [cf. L. 1952, c. 190] disability previously incurred' are paid or payable under any workmen's compensation law. The same section provided further, in effect, that if such workmen's compensation benefits are awarded after prior payments have been made under the benefits law, the state fund or the private plan shall be subrogated to the extent of such prior payments.
In the light of the foregoing provisions we find the overriding legislative plan and its practical operation to be fairly evident. See Cox, Judge Learned Hand and the Interpretation of Statutes, 60 Harv. L. Rev. 370 (1947). Where an employee is disabled by accident or illness he will generally be entitled to benefits under either the compensation law or the benefits law, but not under both. If liability under the compensation law is clear, payment will be made thereunder, and if absence of liability under that statute is clear, payment will be made under the benefits law."
In Janovsky the question at issue was whether the defendant, which had paid plaintiff benefits under a temporary disability benefits plan, was entitled to reimbursement for such benefits without deduction of counsel fees, when subsequently plaintiff received a compensation award for temporary and permanent disability. In the light of the foregoing discussion, the court concluded that such reimbursement was proper even though the amount paid by defendant exceeded the amount awarded to plaintiff in the Compensation Division for his temporary disability. The court said:
*437 "We are satisfied that under N.J.S.A. 43:21-30 this right of reimbursement or subrogation, as described in the statute, applies to the entire award including temporary and permanent disability allowances; * * *. If the plaintiff's contrary construction, namely, that the defendant's right of reimbursement is confined to the sum of $328.14, representing his temporary disability award, were adopted the plaintiff would receive duplicating benefits under both laws, thus ignoring the clear legislative policy, appropriately expressed and supported by administrative practice in the Division of Employment Security and judicial decisions elsewhere." (Emphasis added)
We think that the reasoning thus expressed is apposite to the problem here. On reopening, plaintiff did receive a workmen's compensation award for increased permanent disability. Such award re-established the industrial accident as the cause of her disability. The clear edict in Janovsky, that for purposes of reimbursement under the subrogation provisions of the statute, temporary and permanent disability payments will be lumped and treated in their entirety in order to avoid duplication of payments, dictates that the award here made in the Compensation Division for permanent disability must, in the interest of honoring the fundamental legislative purpose of providing mutually exclusive remedies, be considered conclusive of Mrs. Safar's rights up to the time such award was made. It is true that the workmen's compensation judge may have erroneously neglected to award for the temporary disability but if so she had a right of appeal, as we have already pointed out.
But the negative fact that no such award was made cannot be equated to a judicial declaration that the temporary disability was noncompensable because it originated elsewhere than in the industrial accident, and so fell within the temporary disability benefits coverage. As we have stated, the order appealed from was based entirely upon the latter premise. The order can rise no higher than its source, and since the premise is found to be fallacious the order will be vacated. No costs.