693 A.2d 901

MARK SPERLING, APPELLANT, v. BOARD
OF REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 23, 1997—Decided May 7, 1997.

Shebell, P.J.A.D., filed a dissenting opinion.

Before Judges SHEBELL, BAIME and BRAITHWAITE.

Appellant submitted a *pro se* brief.

*Peter Verniero*, Attorney General, attorney for respondent (*Mary C. Jacobson*, Assistant Attorney General, of counsel; *Andrea R. Grundfest*, Deputy Attorney General, on the letter-brief).

The opinion of the court was delivered by

BAIME, J.A.D.

This is an appeal from the denial of appellant's application for temporary disability benefits. The Board of Review adopted the Appeal Tribunal's finding that appellant was barred from receiving disability benefits because he had obtained a lump sum settlement of his workers' compensation claim under *N.J.S.A.* 34:15-20 for the same injury. We agree with the Board's decision.

Appellant was involved in an automobile accident on November 2, 1992. At the time of the accident, appellant just had left his mechanic who had installed a water pump in his personal automobile which he also used for business purposes. Appellant was

apparently driving to a prospective customer's office when his automobile was struck by a truck. Appellant was not hospitalized and returned to work. However, appellant visited a chiropractor when the pain in his lower back and neck persisted. On the advice of the chiropractor, appellant left work on December 9, 1992. Appellant claimed that he was disabled until July 1, 1993 when the chiropractor told him he could resume light work. In the interim, however, appellant had been terminated from his employment.

Appellant filed a petition for workers' compensation, claiming that his injury and consequent disability were work-related. According to appellant's testimony, in April or May 1993, he applied to the Division of Temporary Disability Insurance for disability benefits. The Division never received that application. On June 10, 1993, appellant's attorney filed with the Division a certification indicating that a workers' compensation petition had been made and that the case was contested. The Division sent a letter to appellant, dated August 11, 1993, notifying him that it had received the attorney's certification but noting that it had no record of a temporary disability claim. Appellant never responded to this letter.

On October 25, 1994, appellant entered into a settlement of his workers' compensation claim pursuant to *N.J.S.A.* 34:15–20. Under the settlement, $500 was devoted to counsel fees and court costs. Appellant received $1,000 in full settlement of his claim. On July 27, 1995, appellant applied to the Division for temporary disability benefits. However, the Division found that appellant was ineligible because he had received a workers' compensation award for the same disability. This appeal followed.

This appeal presents questions relating to the interplay between the Workers' Compensation Act (*N.J.S.A.* 34:15–1 to –128) and the Temporary Disability Benefits Law (*N.J.S.A.* 43:21–25 to –56). The purpose of the Workers' Compensation Act is to compensate workers who become disabled by reason of work-related accidents. *N.J.S.A.* 34:15–1. When originally adopted, "no provision [was]

made for workers who were unable to work because of accident or illness not ... covered" by the Act. *Janovsky v. American Motorists Ins. Co.*, 11 *N.J.* 1, 4, 93 *A.*2d 1 (1952); *see also Bogda v. Chevrolet–Bloomfield Div., G.M. Corp.*, 8 *N.J.Super.* 172, 177, 73 *A.*2d 735 (App.Div.1950). "To fill this gap, the Legislature enacted the Temporary Disability Benefits Law,...." *Janovsky v. American Motorists Ins. Co.*, 11 *N.J.* at 4, 93 *A.*2d 1, which was designed to provide for the payment of disability benefits to persons with respect to accidents and sickness not compensable under the Workers Compensation Act. This purpose was made manifest by *N.J.S.A.* 43:21–29, which provides for temporary disability benefits for accident or sickness "not arising out of and in the course of the individual's employment or if so arising not compensable under the workers' compensation law." *N.J.S.A.* 43:21–30 also furthers this objective by barring duplication of benefits. Specifically, *N.J.S.A.* 43:21–30 provides that "[n]o benefits shall be required or paid under [the Temporary Disability Benefits Law] for any period with respect to which benefits are paid or payable under any ... disability ... law...." The same section states that where a workers' compensation claim is contested the claimant may be paid temporary disability benefits. *Ibid.* However, upon receipt of workers' compensation benefits the claimant is obliged to reimburse the Division for the amount of temporary disability benefits paid. *Ibid.*

Our Supreme Court has said that "the overriding legislative plan and its practical operation [are] fairly evident." *Janovsky v. American Motorists Ins. Co.*, 11 *N.J.* at 5, 93 *A.*2d 1. In describing these provisions, the Court noted:

> Where an employee is disabled by accident or illness he will generally be entitled to benefits under either the compensation law or the benefits law, but not under both. If liability under the compensation law is clear, payment will be made thereunder, and if absence of liability under that statute is clear, payment will be made under the benefits law. If, however, as in the instant matter, the occurrence is in a twilight zone, with liability under the compensation law doubtful and dependent on the outcome of contested proceedings, immediate payment to help tide the worker over during his inability to work should be permissible and, indeed, readily available, under the benefits law, with full reimbursement from any award subsequently rendered in the compensation proceeding.
>
> [*Ibid.* (citation omitted).]

We are satisfied that appellant's lump sum settlement of his workers' compensation claim bars him from obtaining temporary disability benefits for the same injury. *N.J.S.A.* 34:15–20 provides that a lump sum settlement approved by a compensation judge "shall have the force and effect of a dismissal of the claim petition." While it is true that "[a]ny payments made under [*N.J.S.A.* 34:15–20] shall be recognized as payments of workers' compensation benefits for insurance rating purposes only," *ibid.*, the Legislature clearly intended that a lump sum settlement should preclude a claim for temporary disability benefits. This is made abundantly plain by *N.J.S.A.* 34:15–57.1, which provides that whenever an employee becomes entitled to an award, whether by way of "order, or *approval of settlement*," (emphasis added), the compensation judge is authorized to require that the Division be reimbursed for any temporary disability benefits that may have been paid to the employee. The clear intent of *N.J.S.A.* 34:15–57.1 is that monies received pursuant to a lump sum settlement under *N.J.S.A.* 34:15–20 constitute workers' compensation benefits within the context of the nonduplication of benefits policy mandated in *N.J.S.A.* 43:21–30. The language of *N.J.S.A.* 34:15–20 limiting consideration of lump sum settlements to insurance rating purposes pertains only to the calculation of premium rates and was not intended to contravene the strong legislative policy against duplication of benefits set forth in *N.J.S.A.* 43:21–30 and *N.J.S.A.* 34:15–57.1 and acknowledged in *Janovsky v. American Motorists Insurance Co.*, 11 *N.J.* 1, 93 *A.*2d 1.

We thus hold that an individual who settles a workers' compensation claim may not obtain temporary disability benefits for the same injury. Receipt of a lump sum settlement under *N.J.S.A.* 34:15–20 constitutes an implied acknowledgment that the claimant's disability was work-related and compensable under the Workers' Compensation Act. *Cf. In re Douglas H. Paterson,* 298 *N.J.Super.* 333, 689 *A.*2d 772 (App.Div.1997).

Affirmed.

SHEBELL, P.J.A.D., dissenting.

I respectfully disagree with my colleagues. The plain import of *N.J.S.A.* 43:21–30 is that State Temporary Disability Benefits are to be withheld only with respect to those weeks for which the claimant has recovered workers' compensation benefits for the same period of temporary disability pursuant to *N.J.S.A.* 34:15–12(a).

My colleagues are correct that merely because the benefit comes by way of a settlement and dismissal under *N.J.S.A.* 34:15–20 does not mean that there can be a duplication of benefits. Nor should we permit any device or tactic to deny the State Temporary Disability Plan the opportunity to contest payment of benefits where one is not entitled.

Here, however, it is clear that the $1,500 paid under section 20 represents only a nuisance settlement for a non-work related accident with the claimant receiving only $1,000 after counsel fees. A section 20 dismissal, when approved by a compensation judge, is "a complete surrender of any right to compensation." *Id.* The spirit, and I believe the letter, of *N.J.S.A.* 43:21–30 compels the conclusion that, if the claimant proves his disability and entitlement to benefits for a period that is longer than the compensation he received would cover, he is then entitled to State Temporary Disability for the additional period not covered by Workers' Compensation.