720 A.2d 607

MARK SPERLING, CLAIMANT–APPELLANT, v. BOARD OF REVIEW, RESPONDENT–RESPONDENT.

Argued September 28, 1998—Decided December 11, 1998.

*Antranig Aslanian, Jr.*, argued the cause for appellant (*Aslanian & Khorozian*, attorneys; *Mark Sperling*, pro se on the brief).

*Andrea R. Grundfest*, Deputy Attorney General, argued the cause for respondent (*Peter Verniero*, Attorney General of New Jersey, attorney; *Joseph L. Yannotti*, Assistant Attorney General, of counsel).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in Judge Baime's opinion of the Appellate Division, reported at 301 *N.J.Super.* 1, 693 *A.*2d 901 (1997).

STEIN, J., concurring.

The Court affirms the judgment below on the basis of the Appellate Division's majority opinion. 301 *N.J.Super.* 1, 693 *A.*2d 901 (1997). I join in the Court's disposition but write briefly to identify a collateral issue, raised at oral argument, that the Court's disposition does not purport to resolve.

Petitioner sustained personal injuries under circumstances in which his right to compensation under the Workers' Compensation Act, *N.J.S.A.* 34:15–1 to –128, was "in a twilight zone, with liability under the compensation law doubtful and dependent on the outcome of contested proceedings." *Janovsky v. American Motorists Ins. Co.,* 11 *N.J.* 1, 5, 93 *A.*2d 1 (1952). In such circumstances, petitioner would have been entitled to receive temporary disability benefits pending resolution of his workers' compensation claim. *See N.J.S.A.* 43:21–30; *Janovsky, supra,* 11 *N.J.* at 5, 93 *A.*2d 1.

Petitioner testified that he applied to the Division of Temporary Disability Insurance (Division) for disability benefits, but the Division had no record of his claim and so informed him. Subsequently, he settled his compensation claim pursuant to *N.J.S.A.* 34:15–20 for $1500, of which $500 was allocated to counsel fees. Thereafter, he reapplied to the Division for temporary disability benefits, but the Division determined that he was ineligible because he had received a workers' compensation award for the same disability. A divided panel of the Appellate Division affirmed the Division's denial of benefits, holding that the receipt of benefits under the Workers' Compensation Act and the Temporary Disability Benefits Law, *N.J.S.A.* 43:21–25 to –56, for the same injury is impermissible.

Before us, petitioner's counsel argued for reversal on the theory that if petitioner had in fact received temporary disability benefits from May 1993, when he allegedly applied, until October 1994 when his workers' compensation claim was settled for a nominal sum, the Division's right of subrogation would be limited to the amount of the compensation award. In that circumstance, because petitioner's temporary disability benefits would substantially exceed the compensation award, petitioner would receive benefits under both statutes for the same injury. Accordingly, petitioner argued that an award subsequent to the compensation settlement of temporary disability benefits for the same period in which petitioner would have been eligible to receive them prior to the settlement would not contravene the legislative plan. Petitioner emphasized that where the compensation settlement is nominal, reflecting the weakness of the compensation claim, a requirement that the worker fully reimburse the Division for temporary disability benefits substantially in excess of the compensation settlement would be self-defeating, because workers would be reluctant to agree to settle compensation claims if the settlement would generate a liability in excess of the amount received.

The Attorney General, representing the Board of Review, disagreed, contending that the statute required full reimbursement of temporary disability benefits by a worker who settles a compensation claim irrespective of the disparity between the benefits paid and the amount of the workers' compensation settlement. Subsequent to oral argument the Attorney General informed the Court that the Division has issued an Administrative Instruction directing that claimants be permitted to retain temporary disability benefits paid prior to a Section 20 settlement of a workers' compensation claim, to the extent such benefits exceed the settlement. The Attorney General has advised the Division to withdraw that portion of the Administrative Instruction, believing it to be contrary to law.

Because petitioner had not received temporary disability benefits prior to settling his workers' compensation claim, my view of

the Court's disposition is that it does not resolve the question whether a worker whose workers' compensation settlement is less than the amount of temporary disability benefits received prior to the settlement nevertheless is obligated to reimburse the Division in full. Without expressing any final view on that issue, I note that there appears to be a substantial basis for the view that the Division's right of recovery would be limited to the amount of the compensation settlement. *See N.J.S.A.* 43:21–30 ("In the event that workmen's compensation benefits ... are subsequently awarded for weeks with respect to which the claimant has received disability benefits ..., the State fund ... shall be entitled to be subrogated *to such claimant's rights in such award* to the extent of the amount of disability payments made hereunder.")(emphasis added). *See also* Statement to A. 216 (*L.* 1967, *c.* 306) ("There is ample provision under this section ... for subrogation and repayment from a subsequent workmen's compensation award to preclude double benefits.").

Based on my understanding of the limited scope of the Court's affirmance, I concur in the Court's disposition of this appeal.

O'HERN, J., concurring in part and dissenting in part.

I concur with Justice Stein's understanding of the limited breadth of the Court's judgment. *Ante* at 469, 720 *A.*2d at 608.

I

One who suffers an injury between work and everyday affairs may seek temporary disability benefits while recovering from the injury under either the Workers' Compensation Act, *N.J.S.A.* 34:15–1 to –128 (comp), or the Temporary Disability Benefits Law, *N.J.S.A.* 43:21–25 to –56 (benefits law). If a workers' compensation carrier denies coverage on the basis that the injury is not work related, a claimant may commence an action immediately to receive benefits under the benefits law. The Department of Labor's appeal tribunal in this case quoted *Janovsky v. American*

*Motorists Insurance Co.,* 11 *N.J.* 1, 5, 93 *A.*2d 1 (1952), in which the Court explained:

> If ... the occurrence is in a twilight zone, with liability under the compensation law doubtful and dependent on the outcome of contested proceedings ..., immediate payment to help tide the worker over during his inability to work should be permissible and, indeed, readily available, under the benefits law, with full reimbursement from any award subsequently rendered in the compensation proceeding.
>
> [(citation omitted).]

Let us assume that such a "twilight zone" dispute continues for six months or more in the Workers' Compensation court, during which time the worker has recovered temporary disability benefits. Assume, further, that in a contested proceeding the Workers' Compensation court decided that the worker was entitled to only one month of temporary disability benefits on account of a work-related injury, and that any other disability was attributable to other causes that were not work related. In that setting, *N.J.S.A.* 43:21–30 provides that the benefits plan would be entitled "to such claimant's rights in such award." Because the "claimant's rights" in workers' comp were less than the temporary disability award, the benefits plan would simply recover to the extent of the comp award, but not recover in full from the worker all the disability benefits received. The Court does not disagree with that interpretation of *N.J.S.A.* 43:21–30.

## II

My disagreement with the Court concerns its conclusion that because of the timing of events in this case, the result should be different. It is most unusual for this Court to dismiss a meritorious claim on the basis of the sequence of claims. Heretofore, we have molded the procedures governing management of two parallel benefit programs to the requirements of fairness and justice with the overarching goal that there should be no double recovery. *See Riccio v. Prudential Property & Cas. Ins. Co.,* 108 *N.J.* 493, 504, 531 *A.*2d 717 (1987) (discussing pursuit of tort claims in court and insurance claims in arbitration and observing that the essential purpose of the relevant laws is "to make the victim whole, but

not provide a windfall or to allow a double recovery"); *see also Parks v. Colonial Penn Ins. Co.*, 98 *N.J.* 42, 49–51, 484 *A.*2d 4 (1984) (molding procedures for management of automobile-reparation claims in two forums, judicial and arbitral). Each forum must respect the rights of the claimant in the other forum. *See Hetherington v. Briarwood Coachlight*, 253 *N.J.Super.* 484, 489–90, 602 *A.*2d 292 (App.Div.1992) (holding workers' compensation judge was without authority to force PIP carrier to accept settlement of its own right to be reimbursed for disability benefits claimed for automobile accident injury).

In its disposition, the Court makes no reference to the fairness of the procedures. No one could have foreseen that the settlement of a patently unmeritorious workers' compensation claim would translate into a settlement of the meritorious temporary disability claim. This is an example of a "trap for the unsuspecting," a school of jurisprudence so recently condemned by Justice Stein in his dissent in *Oliver v. Ambrose*, 152 *N.J.* 383, 407, 705 *A.*2d 742 (1998) (quoting *Cafferata v. Peyser*, 251 *N.J.Super.* 256, 263, 597 *A.*2d 1101 (App.Div.1991)).

### A.

The language of neither governing statute supports the position taken by the Court. *N.J.S.A.* 34:15–20 states that when parties have consented to a comp settlement, the settlement

> shall have the force and effect of a dismissal of the claim petition and shall be final and conclusive ... and shall be a complete surrender of any right to compensation or other benefits arising out of such claim under the statute. Any payments made under this section shall be recognized as payments of workers' compensation benefits for insurance rating purposes only.

The Court converts that adjudication of "dismissal" into an adjudication that the disabled person's *only* benefits are in workers' comp, a paradox to say the least. After settlement, *N.J.S.A.* 43:21–30 simply entitles the benefits plan to reimbursement for the "claimant's rights" in the award. It does not disqualify one for having sought benefits that proved to be unavailable. Because there was no determination that the injury was work related (in

fact, there was an adjudication of "dismissal"), this disabled claimant is entitled to disability benefits attributable to his non-work-related injury.

A close analogy is to the judicial administration of parallel claims for automobile accident reparations under tort and underinsured motorist (UIM) regimes. In that setting we have ruled that subject to *Longworth* notice[1] being given, the UIM benefits provider is bound by judicial disposition of the tort claim. *Zirger v. General Accident Ins. Co.*, 144 *N.J.* 327, 342, 676 *A.*2d 1065 (1996). Although the procedures here lack the formality of *Longworth* notice, the Division was aware that a comp claim was pending. If the Court finds the procedures for notice lacking, we should explain, as we did in *Rutgers Casualty Insurance Co. v. Vassas,* 139 *N.J.* 163, 171–74, 652 *A.*2d 162 (1995), how the procedures may be improved. The Division seems to insist that the injured party engage in an exercise in futility. The Division would require full pursuit of the comp claim before it will pay disability benefits. This reasoning is flawed for two reasons. First, this requirement is inconsistent with *Janovsky,* which advocates payment of temporary disability payments to a worker while a comp claim is pending. *Janovsky, supra,* 11 *N.J.* at 5, 93 *A.*2d 1. Second, the Division's position fails to recognize that an injury or illness may not be clearly work related. For the Division there is only night or day, not twilight.

Finally, the Court fails to explain what point there is in forcing one such as Sperling to try his case to an unsuccessful conclusion. He was on a purely personal errand when the accident occurred. We generally try to avoid "unnecessary court events." *State v. Shaw,* 131 *N.J.* 1, 13, 618 *A.*2d 294 (1993).

---

[1] Under *Longworth v. Van Houten,* 223 *N.J.Super.* 174, 194, 538 *A.*2d 414 (App.Div.1988), upon receiving an acceptable settlement offer from the tortfeasor, the insured must notify the carrier. The carrier may promptly (presumptively within 30 days) offer its insured the amount in exchange for the insured assigning the claim against the tortfeasor to the carrier. *Ibid.*

## B.

To read the transcripts of the hearings at which the injured worker first represented himself is to experience the same futile "Kafkaesque journey" as does a citizen who encounters an unreasoning bureaucracy. *Rosen v. New Jersey Div. of Dev'l Disabilities*, 256 *N.J.Super.* 629, 631, 607 *A.*2d 1030 (App.Div.1992). The Division misunderstands the legislative provisions. At the first hearing, the Division representative interpreted *N.J.S.A.* 43:21–30 to mean that no temporary disability benefits may be paid if the injured party receives any other disability or sickness benefits. It is quite obvious to even the most casual reader of its title that *N.J.S.A.* 43:21–30 intends to avoid double recovery, not full recovery. Although no specific offset provision exists, the purpose of the law demonstrates that recovery for temporary disability and workers' comp is not mutually exclusive. The title to *N.J.S.A.* 43:21–30 is "Nonduplication of benefits," not "Election of benefits."

The historical notes to *N.J.S.A.* 43:21–25 recite that the benefits law is designed "to provide for the payment of disability benefits to certain persons with respect to accident and sickness not compensable under the [comp] law." The purpose of the act includes "fill[ing] the gap in existing provisions for protection against the loss of earnings caused by involuntary unemployment, by extending such protection to meet the hazard of earnings loss due to inability to work caused by nonoccupational sickness or accident." *N.J.S.A.* 43:21–26.

When a Division representative was asked to explain at the second hearing why Sperling's disability claim was denied, he responded as follows:

A. We issued our denial because the State has no legal basis to pay the claimant since there is no claim petition for us to file a lien against.

Q. Okay, just a minute. And that's why you made the determination that you made?

A. That is correct.

A. We must go by what we had on the claim form originally.

It does not matter to the Division what the settlement represents once a claimant has indicated that there might be a "twilight zone" claim. Paradoxically, the Division acknowledged that if the worker had tried his case and received no award, he would have received the benefits. "Under those circumstances, we would have paid him without a lien since it would not be considered [w]orkers' [c]ompensation." Better, the Division reasons, that it should receive nothing, than to receive a partial reimbursement for that part of the disability that is work related.

In addition to misinterpreting the statute, the Division has also misinterpreted this Court's decision in *Janovsky, supra.* The appeal tribunal believes that The Court in *Janovsky* "clearly states that 'any award' from [worker's] [c]ompensation negates payment of State disability." Nothing could be further from the truth. In *Janovsky,* the Court simply explained "the overriding legislative plan and its practical operation." *Janovsky, supra,* 11 *N.J.* at 5, 93 *A.*2d 1. The Court's reference to "any award" simply signifies that when the benefits are paid to a worker there should be "full reimbursement [to the plan] from *any award* subsequently rendered in the compensation proceeding." *Ibid.* (emphasis added). That is not a disqualification from benefits. *N.J.S.A.* 41:21–30 prohibits duplication of benefits but does not mandate that receipt of workers' comp and temporary disability benefits is mutually exclusive.

*Prudential Insurance Co. v. New Jersey Division of Employment Security,* 75 *N.J.Super.* 430, 431, 183 *A.*2d 440 (1962), does not dictate a contrary result. In that case an award was erroneously made under the Title 43 benefits plan for a period of temporary disability during which a comp award was paid for an increase in permanent disability. The two plans were "mutually exclusive," *id.* at 435, 183 *A.*2d 440, only in the sense that one is not entitled to Title 43 disability benefits for periods of disability for which Title 34 comp awards are payable. That, however, is not the case here.

This Court once said that "justice is the polestar of our system" and that "our procedures must ever be moulded and applied with that in mind." *New Jersey Highway Auth. v. Renner*, 18 *N.J.* 485, 495, 114 *A.*2d 555 (1955). Like the Division, the Court appears to be indifferent to whether justice is done or whether the procedures are fair. Instead, the Court accepts the unfounded reasoning of the Division that the Division cannot pay benefits unless "there is [a] claim petition for us to file a lien again[st]."

When Sperling entered into the $1500 settlement under *N.J.S.A.* 34:15–20, he gave up forever his rights in comp to reopen his case for two years if his condition worsened. It is unfair to assume that Sperling intended to waive between $6000 and $8000 in temporary disability benefits in favor of the $1500 settlement. Sperling explained that his counsel in the proceedings was misinformed about the status of his case. Sperling stated that his attorney "was under the impression that [he] had already received [temporary] disability payments for the time that [he] was out of work." As noted by Judge Shebell in his dissent, the $1500 "represents only a nuisance settlement for a non-work-related accident with the claimant receiving only $1000 after counsel fees." 301 *N.J.Super.* 1, 6, 693 *A.*2d 901 (1997). Judge Shebell correctly characterizes the spirit and letter of *N.J.S.A.* 43:21–30 in stating, "[i]f the claimant proves his disability and entitlement to benefits for a period that is longer than the compensation he received would cover, he is then entitled to [temporary disability benefits] for the additional period not covered by [comp]." *Ibid.*

At oral argument, counsel for the Board of Review candidly acknowledged that the procedures in each forum should be improved. She said, "There does need to be, whether from this Court or from an administrative source, such as on the form of the [comp] order itself, some kind of declaration" that a worker who makes any settlement of a comp claim not only is disqualified from temporary disability benefits under Title 43, but also must reimburse the disability benefits fund even though the disability may be non-work-related. The Division's counsel favored a require-

476

ment that the worker receive a clear explanation to that effect. Such, she said, is an "excellent idea" and one that should be "endorsed by the Court." At least that procedural improvement would eliminate a "trap for the unsuspecting" worker.

STEIN, J., concurring in the result.

*For affirmance*—Chief Justice PORITZ, and Justices HANDLER, POLLOCK, GARIBALDI, STEIN and COLEMAN—6.

*Concurring in part, dissenting in part*—Justice O'HERN—1.