728 A.2d 260

IN THE MATTER OF CHARLES D. SCOTT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1999—Decided April 27, 1999.

Before Judges STERN, LANDAU and WECKER.

*Paul A. Schwartz* argued the cause for appellant Charles D. Scott (*Goldstein, Ballen, O'Rourke & Wildstein,* attorneys; *Mr. Schwartz,* on the brief).

*Rosalind E. Asch* argued the cause for respondents Konica Business Machines and Zurich–American Insurance Group (*Ms. Asch,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

This appeal presents a previously unresolved issue arising out of the interplay between the Workers' Compensation Law, *N.J.S.A.*

34:15–1 *et seq.*, and the Temporary Disability Benefits Law, *N.J.S.A.* 43:21–25 *et seq.* The claimant, Charles D. Scott, held two jobs and, as a result of an injury "arising out of and in the course of" (*N.J.S.A.* 34:15–7) his part-time employment, seeks both workers' compensation from that employer and temporary disability benefits under the full-time employer's private disability plan. Recently, a divided Supreme Court, adopting the majority opinion of a panel of this court, held that an individual who obtains workers' compensation benefits by settlement "may not obtain temporary disability benefits for the same injury." *Sperling v. Board of Review,* 301 *N.J.Super.* 1, 5, 693 *A.*2d 901 (App.Div.1997), *aff'd o.b.,* 156 *N.J.* 466, 720 *A.*2d 607 (1998). It was explained that, by virtue of *N.J.S.A.* 34:15–20, even a settlement "constitutes an implied acknowledgment that the claimant's disability was work-related and compensable under the Workers' Compensation Act," *Sperling, supra,* 301 *N.J.Super.* at 5, 693 *A.*2d 901; and *N.J.S.A.* 43:21–29 and –30 prohibit the receipt of both temporary disability and workers' compensation benefits for the same accident. We must now decide if Scott's entitlement to workers' compensation benefits for part-time work precludes his recovery of temporary disability benefits for his full-time employment.

Scott appeals from an order of a private plan hearing officer of the Board of Review determining that he is "ineligible for disability benefits under the Employer's (employer # 1) [Konica Business Machines'] approved Private Plan from April 8, 1997 through July 15, 1997 as payment would be a duplication of benefits under *N.J.S.A.* 43:21–30." Scott, who was injured during work for a part-time employer, Holiday Bowl, Inc. ("employer # 2"), on October 28, 1995, claimed that he "should be entitled to private plan disability benefits from his full-time job [as] he is unable to work at that job."

The facts are not in dispute. Accordingly, we adopt them as embodied in the decision of the private plan hearing officer:

The claimant was last employed as a copier technician on a full-time basis for employer # 1 from April 2, 1988 through April 7, 1997 at a final weekly salary of $523.50.

The claimant was also employed on a part-time basis for employer # 2 from March 1994 though April 6, 1997 as a desk attendant. He had an average weekly wage of $208.25. He was injured on the job on October 28, 1995 at which time he crushed his hand while working with employer # 2. The claimant had reconstructive surgery in the form of a tendon transplant performed on April 8, 1997 and was unable to work at either job through July 15, 1997. He has been released to work by Dr. Wayne Altman on July 16, 1997. The claimant has received $145.77 per week as a temporary settlement from employer # 2's insurance carrier and will receive 66.15 weeks at $125 per week as he had permanent residuals as a result of his injuries.

The Worker's Compensation claim was not contested and the certification for contested Worker's Compensation form was not submitted by the claimant's attorney.[1]

The private plan hearing officer concluded that because "claimant suffered from a disabling injury in an accident arising out of and in the course of his employment with employer # 2 [Holiday Bowl] which resulted in his total inability to perform the duties of his employment," the claimant was "ineligible for disability benefits" in light of *N.J.S.A.* 43:21–30. That statute, entitled "nonduplication of benefits," provides:

No benefits shall be required or paid under this act for any period with respect to which benefits are paid or payable under any unemployment compensation or similar law, or under any disability or cash sickness benefit or similar law, of this State or of any other State or of the Federal Government. Nor shall any benefits be required or paid under this act for any period with respect to which benefits, other than benefits for permanent partial or permanent total disability previously incurred, are paid or payable on account of the disability of the covered individual under any workmen's compensation law, occupational disease law, or similar legislation, of this State or of any other State or the Federal Government....

Konica's disability carrier opposes the payment of any temporary disability benefits from its private plan because such benefits are payable only for injuries "not compensable under the workers' compensation law," *N.J.S.A.* 43:21–29. As Scott obtained workers' compensation (including "medical benefits and temporary disability benefits") from Holiday Bowl, Konica argues that *N.J.S.A.* 43:21–29 and –30 prohibit the payment of any temporary disability

[1] Scott's brief says "[h]is case for permanent partial disability benefits remains pending" in the Division of Workers' Compensation.

benefits to Scott because he received benefits "under the workers' compensation law."

While the argument has some literal appeal, we do not interpret those provisions to reflect a legislative intention to deny all temporary disability benefits to a disabled full-time worker, merely because he receives a workers' compensation award as a result of an accident "*arising out and in the course of*" unrelated part-time employment, when the workers' compensation benefits he receives are calculated solely on the basis of his earnings with that employer and are far less than would have been payable had the accident occurred on the full-time job. The effect of the hearing officer's interpretation is to give Scott, who was diligently working two jobs, less benefits than he would have received had he worked only at Konica and incurred the same injuries in a non-work related event. In this case there is no dispute that even if Scott received temporary disability benefits under Konica's plan, as well as the workers' compensation from Holiday Bowl, the aggregate would still be less than his full-time salary, which is the maximum amount payable under *N.J.S.A.* 43:21–39(h).[2]

 Justice Jacobs reviewed the purpose of temporary disability benefits in *Janovsky v. American Motorists Ins. Co.*, 11 *N.J.* 1, 4–5, 93 *A.*2d 1 (1952). As he explained, temporary disability benefits compensate a worker whose income is lost because his accident is not covered by workers' compensation or while that issue is being litigated. Therefore, as there can be no duplication of benefits, any temporary disability benefits received must be reimbursed by any workers' compensation recovery for same:

> Where an employee is disabled by accident or illness he will generally be entitled to benefits under either the compensation law or the benefits law, but not under both.

---

[2] *N.J.S.A.* 43:21–39(h), relating to State plan benefits, is applicable to private plan benefits by virtue of *N.J.S.A.* 43:21–32(c). The private plan must provide for weekly benefits "at least equal to the weekly benefit amount payable by the State plan, taking into consideration any coverage with respect to concurrent employment by another employer. . . ." *N.J.S.A.* 43:21–32(c).

If liability under the compensation law is clear, payment will be made thereunder, and if absence of liability under that statute is clear, payment will be made under the benefits law. If, however, as in the instant matter, the occurrence is in a twilight zone, with liability under the compensation law doubtful and dependent on the outcome of contested proceedings (*Cf. Neylon v. Ford Motor Co.,* 10 *N.J.* 325, 91 *A.*2d 569 (1952)), immediate payment to help tide the worker over during his inability to work should be permissible and, indeed, readily available, under the benefits law, with full reimbursement from any award subsequently rendered in the compensation proceeding.

[*Janovsky v. American Motorists Ins. Co., supra,* 11 *N.J.* at 5, 93 *A.*2d 1.] [3]

*See also Sperling v. Board of Review, supra.*

It is undisputed before us that deductions to cover benefits under Konica's plan are taken from Scott's salary, and the amount of benefits are based on the salary paid (and income lost).[4] In this setting, we are not dealing, as in *Janovsky* and *Sperling,* with the traditional situation of a worker who has one job and is injured in circumstances not covered, or clearly covered, by workers' compensation.

We can find neither logical support nor empirical evidence that the Legislature intended to deprive a worker who pays deductions for temporary disability benefits from obtaining those benefits to compensate him for the loss of income at his full-time employment merely because his injury occurred at a second or part-time job taken to supplement that income. *See N.J.S.A.* 43:21–26 (requiring liberal construction of the Temporary Disability Benefits Law "as remedial legislation"); *In re Paterson,* 298 *N.J.Super.* 333, 339, 689 *A.*2d 772 (App.Div.1997) ("[t]he purpose of the Temporary Disability Benefits Law is to protect workers against loss of income caused by non-employment-related accident

---

[3] *N.J.S.A.* 43:21–30 was amended by *L.* 1967, *c.* 306, § 1, after *Janovsky* was decided to provide for temporary disability while the contested workers' compensation proceedings are ongoing.

[4] *See Young v. Western Elec. Co., Inc.,* 189 *N.J.Super.* 1, 458 *A.*2d 511 (1982), *aff'd as mod.,* 96 *N.J.* 220, 475 *A.*2d 544 (1984), regarding offsets under a private pension plan. Private plans are governed by *N.J.S.A.* 43:21–32 to –36. The State plan is governed by *N.J.S.A.* 43:21–37, –42. *N.J.S.A.* 43:21–30 is a provision of general application and applies to both.

or sickness"). The employee should not be worse off because the accident, not related to his full-time or prime employment and therefore otherwise entitling him to temporary disability benefits through that employer, happened to occur at an unrelated part-time work site.

The statutory interplay which divided the Supreme Court and our colleagues in *Sperling* takes on a different significance when multiple employment is involved. We must, therefore, reverse the denial of temporary disability benefits.

A question arises, however, as to whether the disability carrier should be entitled to a set-off "to the extent of the" temporary workers' benefits obtained through workers' compensation, *Sperling v. Board of Review*, 156 *N.J.* at 468, 720 *A.*2d 607 (Stein, J. concurring), or in some other amount. *See N.J.S.A.* 34:15–57; *N.J.S.A.* 43:21–30; *see also Sperling v. Board of Review, supra*, 301 *N.J.Super.* at 5, 693 *A.*2d 901. Scott argues that, absent any workers' compensation benefits received from Konica, there can be no offset[5] and suggests, in effect, that Konica should not benefit from his inability to work at either employment, particularly at his expense given the deduction from his pay for temporary disability benefits. We agree that the argument must be examined in light of our conclusion that the statutory interplay itself must be examined separately with respect to each job. Moreover, as Justice O'Hern emphasized in his separate opinion in *Sperling*, *N.J.S.A.* 43:21–30 (entitled "non-duplication of benefits," not "election of benefits") "intends to avoid double recovery, not full recovery." *Id.* at 473, 720 *A.*2d 607 (O'Hern, J. concurring and dissenting). However, the record does not permit us to resolve the issue.

Given his conclusion that the receipt of workers' compensation benefits from Holiday Bowl precluded the award of any temporary disability benefits under Konica's plan, the hearing officer did not

---

[5] The respondent did not develop the point, insisting that the workers' compensation award was dispositive of the issues before us.

consider the issue of "offset" or credits. In the absence of a record addressed to the question and a decision by the agency with expertise in administering the Temporary Disability Law (including the State plan to which *N.J.S.A.* 41:21–29 and –30 apply), we decline to pass upon the issue before it is decided by the agency below. Accordingly, the final administrative determination under review is reversed, and the matter is remanded to the Board of Review for further proceedings consistent with this opinion.